DENTON COUNTY, Texas, and Trustees of Sanger Independent School District, Appellants,

v.

Bruce HUTHER and Wife Rhonda Huther, Appellees.

No. 2–00–314–CV.

Court of Appeals of Texas, Fort Worth.

March 29, 2001.

Rehearing Overruled May 24, 2001.

Powell & Leon, L.L.P., and Blake G. Powell, Mark P. Tilley, Austin, Robert Schell, Asst. Dist. Atty., Denton, for Appellant.

Kelsey, Kelsey, & Collister, Richard H. Kelsey, John E. Kelsey, Lawrence C. Collister, Denton, for Appellee.

PANEL A: CAYCE, C.J.; DAY and WALKER, JJ.

## OPINION

DAY, Justice.

### I. INTRODUCTION

Appellants Denton County and Sanger Independent School District (Sanger) appeal from the trial court's denial of their

pleas to the jurisdiction. Appellants argue that the doctrine of sovereign immunity bars Appellees Bruce and Rhonda Huthers' claims for trespass to try title and cloud upon title. We dismiss the appeal for want of jurisdiction.

## II. BACKGROUND

Sanger acquired property that was bordered on the west side by Keaton Road as a site for an intermediate school. Sanger called County Commissioner Donald Hill to confirm that Keaton Road was a public road. Commissioner Hill confirmed that it was a county road and promised to improve the road for increased traffic.

The Huthers' property, the northeast corner of which bordered the west boundary of Sanger's property, was also bordered on the east by Keaton Road. The Huthers wanted to build a fence to connect their property. Sanger claimed that the Huthers could not build their fence because it would block access to Keaton Road to which Sanger had equal access.

The Huthers brought a lawsuit against Sanger alleging a quiet title claim, a trespass to try title claim, a permanent injunction claim, and trespass. The Huthers subsequently added Denton County as a defendant. On March 2, 2000, Denton County filed its plea to the jurisdiction claiming the probate court lacked subject matter jurisdiction because the suit was barred by sovereign immunity. On March 15, 2000, Sanger filed its plea to the jurisdiction on the same grounds. On May 10, 2000, the trial court granted the Appellants' pleas to the jurisdiction as to the Huthers' suit to quiet title. However, the trial court denied the Appellants' pleas in relation to the Huthers' claims for trespass to try title, cloud on title, inverse condem-

nation, and compensatory damages incident to inverse condemnation.

On August 11, 2000, Denton County filed a motion to reconsider and a renewed plea to the jurisdiction, which Sanger joined without objection. The trial court denied the motion on August 29, 2000, and the Appellants filed their notice of appeal on August 31, 2000.

## III. DISCUSSION

Because this is an interlocutory appeal from the trial court's denial of Appellants' plea to the jurisdiction, it is accelerated under rule 28.1 of the rules of appellate procedure. TEX.CIV.PRAC. & REM. CODE ANN. § 51.014(a)(8) (Vernon Supp. 2001); TEX.R.APP.P. 28.1. Rule 26.1(b) further states that in an accelerated appeal, the notice of appeal must be filed within twenty days after the trial court's order or judgment is signed. TEX. R.APP.P. 26.1(b).

In their brief, the Huthers ask this court to dismiss Appellants' appeal for want of jurisdiction. The Huthers argue that the May 10, 2000 denial of Appellants' pleas to the jurisdiction, instead of the August 29, 2000 order on Appellants' motion to reconsider and renewed plea to the jurisdiction, triggered the timetable to perfect an appeal under rules 26.1(b) and 28.1. *See* TEX.R.APP.P. 26.1(b), 28.1. The Huthers contend that the August 29, 2000 order was, in substance, nothing more than a denial of a motion for new trial, which rule 28.1 explains will not extend the time to perfect an accelerated appeal. TEX. R.APP.P. 28.1.[1] Therefore, by filing their notice of appeal on August 31, 2000, more than twenty days after the May 10, 2000 ruling, the Appellants failed to timely file their notice of appeal under rule 26.1(b). *See* TEX.R.APP.P. 26.1(b).

---

1. Even assuming it did, the motion would have to be filed within thirty days after the order complained of is signed to extend the timetable for appeal. TEX.R.CIV.P. 329b(a).

Appellants argue, however, that the August 29, 2000 order is not the same as an order denying a motion for new trial because Appellants did not file their motion to reconsider and renewed plea to the jurisdiction to merely request the court to reconsider its prior order; instead, Appellants contend their motion was a "second plea based upon new authority and requiring a new opinion from the trial court." Thus, Appellants contend that the August 29 order is a stand alone order that is appealable under section 51.014(a)(8). We disagree.

■■■■ There is absolutely no substantive difference between Appellants' motion to reconsider and renewed plea to the jurisdiction and a typical motion for new trial or motion to reconsider. Appellants' motion reasserts that the trial court lacks subject matter jurisdiction on the same grounds as the plea to the jurisdiction, refers to the prior May 10 order denying the plea, and alleges that, contrary to that order, the trial court does not have subject matter jurisdiction over the case. The mere fact that the motion cites additional authority in support of Appellants' plea to the jurisdiction that was not included in the plea to the jurisdiction when it was first presented to the trial court, did not transform the motion into a second, separate and distinct plea to the jurisdiction. Therefore, the August 29 order denying the motion is not an appealable interlocutory order under section 51.014(a)(8).[2]

## IV.  CONCLUSION

We hold that to timely perfect an interlocutory appeal under section 51.014(a)(8), Appellants were required to file their notice of appeal within twenty days of the trial court's May 10 order denying Appellants' plea to the jurisdiction, as required by rule 26.1(b). We further hold that the trial court's August 29 order denying Appellants' motion to reconsider and renewed plea to the jurisdiction is not, under the facts of this case, a distinct appealable interlocutory order with a separate timetable for appeal.

Because Appellants did not file their notice of appeal within twenty days of the May 10, 2000 order in accordance with rule 26.1 of the rules of appellate procedure, we dismiss the appeal for want of jurisdiction.

---

**2.** Contrary to Appellants' argument, subject matter jurisdiction may not be "raised at any time." Specifically, mandamus will not lie to correct a ruling on a plea to the jurisdiction because there is an adequate remedy by appeal. *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex.1990). Nor does our holding foreclose a party from raising lack of subject matter jurisdiction for the first time on appeal. It is a well-settled rule that a lack of jurisdiction is fundamental error and may be raised for the first time on appeal by the parties or by the court. We, however, can only correct fundamental error when we have appellate jurisdiction to do so. In the absence of a timely notice of appeal, we have no appellate jurisdiction to hear and decide any issue, even issues involving fundamental error.