JONES V. STATE



NO. 07-02-0223-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JUNE 20, 2002



______________________________




DONALD MOODY, APPELLANT



V.



TDCJ DIRECTOR, GARY L. JOHNSON, APPELLEE




_________________________________



FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;



NO. 32,545; HONORABLE LEE WATERS, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Donald Moody seeks to appeal from the dismissal of his suit against Gary
L. Johnson, Director of the Institutional Division of the Texas Department of Criminal
Justice. Appellant is incarcerated in the Neil Unit. On April 1, 2002, appellant filed a
document entitled "Tort Claim Letter" with the District Clerk in Gray County. The document
sought review of appellant's challenge to disciplinary action taken by officers and the
warden of the Neil Unit. The district court dismissed the suit the same day as frivolous
pursuant to Section 14.003 of the Texas Civil Practice and Remedies Code.

 On May 14, 2002, appellant filed a document entitled "Habeas Corpus Writ for
11.07 for notice on appeal." The district clerk treated this document as a notice of appeal
and filed a clerk's record in this court. Texas Rule of Appellate Procedure 26.1 mandates
that, unless extended by a motion for new trial, motion to modify, motion to reinstate, or
proper request for findings of fact and conclusions of law, a notice of appeal must be filed
within 30 days of the judgment or order appealed from. It is axiomatic that a notice of
appeal which complies with the requirements of Texas Rule of Appellate Procedure 26 is
essential to vest the court of appeals with jurisdiction. See Denton County v. Huther, 43
S.W.3d 665, 667 (Tex.App.--Fort Worth 2001, no pet.). If an appeal is not timely
perfected, a court of appeals is not vested with jurisdiction and, consequently, can take no
action other than to dismiss the appeal. Id. 

 Appellant's notice of appeal was filed 44 days after the dismissal of his case. 
Because it was not filed within the time permitted by Rule 26.1, we have no jurisdiction to
consider this appeal. Accordingly, the appeal is dismissed. 

 Per Curiam

Do not publish.