NO. 07-02-0223-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 20, 2002

_____

DONALD MOODY, APPELLANT

V.

TDCJ DIRECTOR, GARY L. JOHNSON, APPELLEE

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 32,545; HONORABLE LEE WATERS, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Donald Moody seeks to appeal from the dismissal of his suit against Gary L. Johnson, Director of the Institutional Division of the Texas Department of Criminal Justice. Appellant is incarcerated in the Neil Unit. On April 1, 2002, appellant filed a document entitled "Tort Claim Letter" with the District Clerk in Gray County. The document sought review of appellant's challenge to disciplinary action taken by officers and the

warden of the Neil Unit. The district court dismissed the suit the same day as frivolous pursuant to Section 14.003 of the Texas Civil Practice and Remedies Code.

On May 14, 2002, appellant filed a document entitled "Habeas Corpus Writ for 11.07 for notice on appeal." The district clerk treated this document as a notice of appeal and filed a clerk's record in this court. Texas Rule of Appellate Procedure 26.1 mandates that, unless extended by a motion for new trial, motion to modify, motion to reinstate, or proper request for findings of fact and conclusions of law, a notice of appeal must be filed within 30 days of the judgment or order appealed from. It is axiomatic that a notice of appeal which complies with the requirements of Texas Rule of Appellate Procedure 26 is essential to vest the court of appeals with jurisdiction. *See Denton County v. Huther*, 43 S.W.3d 665, 667 (Tex.App.--Fort Worth 2001, no pet.). If an appeal is not timely perfected, a court of appeals is not vested with jurisdiction and, consequently, can take no action other than to dismiss the appeal. *Id*.

Appellant's notice of appeal was filed 44 days after the dismissal of his case. Because it was not filed within the time permitted by Rule 26.1, we have no jurisdiction to consider this appeal. Accordingly, the appeal is dismissed.

Per Curiam

Do not publish.

2