NO. 07-02-0329-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 8, 2002

_____

IN THE INTEREST OF T. W., A MINOR CHILD

_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 62,556-D; HONORABLE DON EMERSON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Holly West filed a notice of appeal from the trial court's order terminating her parental rights to her minor son, T. W. The order was signed on March 26, 2002, and the notice of appeal was filed on July 23, 2002. Based upon the rationale expressed herein, we dismiss the purported appeal for want of jurisdiction.

An appeal from an order terminating the parent-child relationship is accelerated and governed by the rules for accelerated appeals in civil cases. *See* Tex. Fam. Code Ann. §§ 109.002(a) and 263.405(a) (Vernon Supp. 2002). Rule 26.1(b) of the Texas Rules of

Appellate Procedure provides that in an accelerated appeal, the notice of appeal must be filed within 20 days after the order is signed. Moreover, neither a motion for new trial, a request for findings of fact and conclusion of law, nor any other post-trial motion will extend the deadline for filing a notice of appeal under Rule 26.1(b). *See* Tex. Fam. Code Ann. § 263.405(c) (Vernon Supp. 2002).

The termination order was signed by the trial court on March 26, 2002, and a motion for new trial was filed on April 25, 2002. However, the notice of appeal was not filed until July 23, 2002. Pursuant to Rule 42.3(a) of the Texas Rules of Appellate Procedure, by letter dated July 25, 2002, this Court requested that appellant show cause why the purported appeal should not be dismissed for want of jurisdiction. Counsel for appellant filed a response in which she candidly concedes that the notice of appeal was due to be filed within 20 days after the order was signed. However, counsel argues that appellee (the Texas Department of Protective and Regulatory Services) has not been prejudiced by the untimely notice of appeal and contends that harm, if any, has been waived by the Department's failure to object to the late filing of the notice of appeal. Counsel further argues that the use of the word "may" in Rule 42.3 governing involuntary dismissals in civil cases confers discretion on this Court not to dismiss the appeal. We disagree.

Rule 26.1(b) specifically requires a notice of appeal in an accelerated appeal to be filed within 20 days from the date the order is signed. Although the Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that

2

the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule, Verburgt v. Dorner, 959 S.W.2d 615 (Tex. 1997), regarding our jurisdiction, we are prohibited from enlarging the time for perfecting an appeal in a civil case. Tex. R. App. P. 2; s*ee generally* Denton County v. Huther, 43 S.W.3d 665 (Tex.App.–Fort Worth 2001, no pet.) (dismissing an accelerated appeal for want of jurisdiction where appellants failed to file their notice of appeal within 20 days after the date the order was signed).

Accordingly, this purported appeal is dismissed for want of jurisdiction.


Don H. Reavis
Justice

Publish.