NO. 07-02-0329-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 8, 2002



______________________________




IN THE INTEREST OF T. W., A MINOR CHILD




_________________________________



FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;



NO. 62,556-D; HONORABLE DON EMERSON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Holly West filed a notice of appeal from the trial court's order terminating
her parental rights to her minor son, T. W. The order was signed on March 26, 2002, and
the notice of appeal was filed on July 23, 2002. Based upon the rationale expressed
herein, we dismiss the purported appeal for want of jurisdiction.

 An appeal from an order terminating the parent-child relationship is accelerated and 
governed by the rules for accelerated appeals in civil cases. See Tex. Fam. Code Ann.
§§ 109.002(a) and 263.405(a) (Vernon Supp. 2002). Rule 26.1(b) of the Texas Rules of
Appellate Procedure provides that in an accelerated appeal, the notice of appeal must be
filed within 20 days after the order is signed. Moreover, neither a motion for new trial, a
request for findings of fact and conclusion of law, nor any other post-trial motion will extend
the deadline for filing a notice of appeal under Rule 26.1(b). See Tex. Fam. Code Ann.
§ 263.405(c) (Vernon Supp. 2002). 

 The termination order was signed by the trial court on March 26, 2002, and a motion
for new trial was filed on April 25, 2002. However, the notice of appeal was not filed until
July 23, 2002. Pursuant to Rule 42.3(a) of the Texas Rules of Appellate Procedure, by
letter dated July 25, 2002, this Court requested that appellant show cause why the
purported appeal should not be dismissed for want of jurisdiction. Counsel for appellant
filed a response in which she candidly concedes that the notice of appeal was due to be
filed within 20 days after the order was signed. However, counsel argues that appellee
(the Texas Department of Protective and Regulatory Services) has not been prejudiced
by the untimely notice of appeal and contends that harm, if any, has been waived by the
Department's failure to object to the late filing of the notice of appeal. Counsel further
argues that the use of the word "may" in Rule 42.3 governing involuntary dismissals in civil
cases confers discretion on this Court not to dismiss the appeal. We disagree. 

 Rule 26.1(b) specifically requires a notice of appeal in an accelerated appeal to be
filed within 20 days from the date the order is signed. Although the Supreme Court has
directed us to construe the Rules of Appellate Procedure reasonably and liberally so that
the right to appeal is not lost by imposing requirements not absolutely necessary to effect
the purpose of a rule, Verburgt v. Dorner, 959 S.W.2d 615 (Tex. 1997), regarding our
jurisdiction, we are prohibited from enlarging the time for perfecting an appeal in a civil
case. Tex. R. App. P. 2; see generally Denton County v. Huther, 43 S.W.3d 665
(Tex.App.-Fort Worth 2001, no pet.) (dismissing an accelerated appeal for want of
jurisdiction where appellants failed to file their notice of appeal within 20 days after the
date the order was signed).

 Accordingly, this purported appeal is dismissed for want of jurisdiction.


 Don H. Reavis

 Justice

 

Publish.