# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00776-CV

**Lori Stephenson, Appellant**

**v.**

**Texas Department of Protective and Regulatory Services, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
### NO. FM104466, HONORABLE F. SCOTT MCCOWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Lori Stephenson appeals two district-court orders; one order terminated her parental rights to three of her children and another order appointed appellee Texas Department of Protective and Regulatory Services (the Department) sole managing conservator of her fourth child. The Department moved to dismiss the appeal contending that, because Stephenson failed to properly perfect her appeal, this Court lacks jurisdiction over her appeal. We will dismiss the appeal for want of jurisdiction.

The district court signed both the order terminating Stephenson=s parental rights and the order appointing the Department sole managing conservator of one of Stephenson=s children on September

19, 2002. Stephenson filed a motion for new trial on September 24, 2002, and a notice of appeal on December 18, 2002.

An appeal from an order terminating the parent-child relationship and an appeal from an order appointing the Department managing conservator of a child without terminating parental rights are accelerated and governed by the rules for accelerated appeals in civil cases. *See* Tex. Fam. Code Ann.'' 109.002(a), 263.405(a) (West 2002); Tex. R. App. P. 26.1(b). In an accelerated appeal, the appellant must file a notice of appeal within twenty days after the trial-court order is signed. *See* Tex. R. App. P. 26.1(b). Moreover, neither a motion for new trial, a request for findings of fact and conclusions of law, nor any other posttrial motion will extend the deadline for filing a notice of appeal. *See* Tex. Fam. Code Ann. ' 263.405(c).

The supreme court directs courts of appeals to liberally construe the rules of appellate procedure in order that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. *See Verburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997). Regarding jurisdiction, however, courts of appeals are expressly prohibited from enlarging the time for perfecting appeals in civil cases. Tex. R. App. P. 2; *see also In re T.W.*, 89 S.W.3d 641, 642 (Tex. App.CAmarillo 2002, no pet. h.); *Denton County v. Huther*, 43 S.W.3d 665, 666 (Tex. App.CFort Worth 2001, no pet.) (dismissing accelerated appeals for lack of jurisdiction because notices of appeal not filed within twenty days after district court=s orders were signed).

To timely perfect her accelerated appeal, Stephenson was required to file her notice of appeal within twenty days of the district court=s September 19 orders as required by rule of appellate procedure 26.1(b). Because Stephenson failed to file her notice of appeal within twenty days of September

**2**

19 in accordance with such rule, we grant the Department≈s motion to dismiss the appeal. The appeal is dismissed for want of jurisdiction.

Lee Yeakel, Justice

Before Justices Kidd, Yeakel and Patterson

Dismissed for Want of Jurisdiction

Filed: March 20, 2003