NO. 07-03-0085-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MARCH 27, 2003

_____

IN THE INTEREST OF H.D.S.H., A MINOR CHILD

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 32,230; HONORABLE LEE WATERS, JUDGE

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION[1]**

Appellant, the mother of H.D.S.H., filed a notice of appeal from the trial court's order terminating her parental rights and appointing intervenors, the minor child's foster parents, as permanent managing conservators. The order was signed on November 21, 2002, and the notice of appeal was filed on February 10, 2003. Pending before this Court is appellant's motion to extend the time for filing an affidavit of indigency and for appointment

_____

[1]Tex. R. App. P. 47.4.

of counsel on appeal. Based upon the rationale expressed herein, we dismiss the purported appeal for want of jurisdiction.

Initially, we note that even if not raised by the parties, this Court is obligated to *sua sponte* determine its jurisdiction. Welch v. McDougal, 876 S.W.2d 218, 220 (Tex.App.–Amarillo 1994, writ denied). Since September 1, 2001, an appeal from a final order terminating the parent-child relationship and appointing another as managing conservator is accelerated and governed by the rules for accelerated appeals in civil cases. *See* Tex. Fam. Code Ann. § 263.405(a) (Vernon 2002). Rule 26.1(b) of the Texas Rules of Appellate Procedure provides that in an accelerated appeal, the notice of appeal must be filed within 20 days after the order is signed. Moreover, neither a motion for new trial, a request for findings of fact and conclusions of law, nor any other post-trial motion will extend the deadline for filing a notice of appeal under Rule 26.1(b). *See* § 263.405(c).

The termination order was signed on November 21, 2002; however, the notice of appeal was not filed until February 10, 2003. Pursuant to Rule 42.3(a) of the Texas Rules of Appellate Procedure, by letter dated March 11, 2003, this Court requested that appellant show cause why the appeal should not be dismissed for want of jurisdiction. In response, appellant filed a motion to reinstate the appeal and a response to our Rule 42.3(a) notice. By affidavit accompanying her motion, appellant's former counsel asserts that on December 17, 2002, appellant advised him that she did not wish to pursue an appeal based on an agreement reached with the intervenors. However, on January 15, 2003,

almost two months following the termination order, counsel asserts that appellant notified him that she wished to appeal. In support of the current motion, counsel argues that the 2001 amendments to the Family Code, which made appeals from termination orders accelerated, should not apply because the underlying suit was filed and pending prior to the effective date of the amendments. Intervenors filed a reply to appellant's motion contending that section 263.405 applies to any order rendered after September 1, 2001. We agree with intervenors and point out that the historical and statutory notes following section 263.405 provide that the 2001 amendments apply only to an appeal of a final order under subchapter E[2] filed on or after the effective date regardless of when suit was filed. Thus, because the termination order was filed more than one year after the effective date of the 2001 amendments, appellant's notice of appeal was due within 20 days and her notice of appeal filed on February 10, 2003, is untimely. We are not unsympathetic to appellant's predicament and recognize that the Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. Verburgt v. Dorner, 959 S.W.2d 615 (Tex. 1997). However, regarding our jurisdiction, we

---

[2]Subchapter E is entitled "Final Order For Child Under Department Care" and section 263.401(d) describes a final order as one that:

(1) requires that a child be returned to its parent;
(2) names a relative of the child or another person as managing conservator;
(3) appoints the department managing conservator without terminating the parent-child relationship; and
(4) appoints a relative, another suitable person, or the department as managing conservator and terminates the parent-child relationship.

3

are prohibited from enlarging the time for perfecting an appeal in a civil case. Tex. R. App. P. 2; s*ee* In re T.W., 89 S.W.3d 641, 642 (Tex.App.–Amarillo 2002, no pet.); *see generally* Denton County v. Huther, 43 S.W.3d 665 (Tex.App.–Fort Worth 2001, no pet.) (dismissing an accelerated appeal for want of jurisdiction where appellants failed to file their notice of appeal within 20 days after the date the order was signed).

Accordingly, the purported appeal is dismissed for want of jurisdiction.

Don H. Reavis
Justice

4