In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00019-CV
______________________________


 
IN THE INTEREST OF M. T. R., A CHILD


                                              

On Appeal from the 102nd Judicial District Court
Bowie County, Texas
Trial Court No. 02C1537-102


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

            Misti and Gary Rollins have filed an appeal from the termination of their parental rights to
M.T.R. The order of termination in this case was signed December 18, 2003. An appeal from an
order terminating parental rights is an accelerated appeal and is subject to the requirements of Tex.
R. App. P. 26.1(b). See Tex. Fam. Code Ann. § 109.002 (Vernon 2002). Rule 26.1(b) provides that,
in an accelerated appeal, "the notice of appeal must be filed within 20 days after the judgment or
order is signed." 
            Accordingly, the notice of appeal was due no later than January 7, 2004. This notice of
appeal was filed January 16, 2004.



            We are to construe the Texas Rules of Appellate Procedure reasonably and liberally so that
the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose
of a rule. Verburgt v. Dorner, 959 S.W.2d 615, 616–17 (Tex. 1997). However, we are prohibited
from enlarging the scope of our jurisdiction by enlarging the time for perfecting an appeal in a civil
case in a manner not provided for by rule. Tex. R. App. P. 2; In re T.W., 89 S.W.3d 641, 642 (Tex.
App.—Amarillo 2002, no pet.); see generally Denton County v. Huther, 43 S.W.3d 665 (Tex.
App.—Fort Worth 2001, no pet.) (dismissing accelerated appeal for want of jurisdiction where
appellants failed to file a notice of appeal within twenty days after the date the order was signed).
            The jurisdiction of this Court is invoked by the timely filing of a notice of appeal. In the
absence of such, we have no jurisdiction to hear the appeal, and we have no choice but to dismiss. 
            We dismiss the appeal for want of jurisdiction.



                                                                        Jack Carter
                                                                        Justice

Date Submitted:          February 9, 2004
Date Decided:             February 10, 2004