NO. 07-04-0059-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 23, 2004

_____

IN THE INTEREST OF N. H., A MINOR CHILD

_____

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 32,008; HONORABLE PHIL N. VANDERPOOL, JUDGE

_____

Before QUINN and REAVIS, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Appellant Tammie Bennett-Hayes filed a notice of appeal from the trial court's order terminating her parental rights to her daughter, N. H. The order was signed on October 31, 2003, and the notice of appeal was filed on February 13, 2004. We dismiss this purported appeal for want of jurisdiction.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

An appeal from an order terminating the parent-child relationship is accelerated and governed by the rules for accelerated appeals in civil cases. *See* Tex. Fam. Code Ann. §§ 109.002(a) and 263.405(a) (Vernon 2002). Rule 26.1(b) of the Texas Rules of Appellate Procedure provides that in an accelerated appeal, the notice of appeal must be filed within 20 days after the order is signed. Moreover, neither a motion for new trial, a request for findings of fact and conclusions of law, nor any other post-trial motion will extend the deadline for filing a notice of appeal under Rule 26.1(b). *See* § 263.405(c); *see also* In re T.W., 89 S.W.3d 641 (Tex.App.–Amarillo 2002, no pet.).

After the termination order was signed on October 31, 2003, Bennett-Hayes filed a motion for new trial. She did not, however, file her notice of appeal until February 13, 2004. Pursuant to Rule 42.3(a) of the Texas Rules of Appellate Procedure, by letter dated February 26, 2004, this Court requested that Bennett-Hayes show cause why the appeal should not be dismissed for want of jurisdiction. No response was received.

Although the Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule, Verburgt v. Dorner, 959 S.W.2d 615, 616-17 (Tex. 1997), regarding our jurisdiction, we are prohibited from enlarging the time for perfecting an appeal in a civil case. Tex. R. App. P. 2; s*ee generally* Denton County v. Huther, 43 S.W.3d 665 (Tex.App.–Fort Worth 2001, no pet.) (dismissing an accelerated appeal for want of jurisdiction where appellants failed to file their notice of

appeal within 20 days after the date the order was signed); *see also* In re D.K.P., No. 07-03-0356-CV, 2003 WL 22175937, *1 (Tex.App.–Amarillo Sept. 17, 2003, no pet. h.) (recognizing that applying the exceptions of Rule 26.1(a) of the Texas Rules of Appellate Procedure to extend the time in which to file a notice of appeal would thwart the policy underlying an accelerated appeal).

Accordingly, this purported appeal is dismissed for want of jurisdiction.


Don H. Reavis
Justice