Opinion issued November 6, 2008




 

 











In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-07-01001-CV

____________


IN THE INTEREST OF B.H.G.






On Appeal from the 308th District Court 

Harris County, Texas

Trial Court Cause No. 2006-21189






MEMORANDUM OPINION

 Appellant, Eduardo Gutarra, filed an appeal from the termination of his
parental rights to B.H.G. The order of termination in this case was signed by the trial
court on August 24, 2007. On August 31, 2007, the trial court signed an Order
Granting Adoption, creating a parent-child relationship between B.H.G. and her step-father, Phillip Thames. Appellant does not appeal the adoption order.

 An appeal from an order terminating parental rights is an accelerated appeal
and is perfected by filing a notice of appeal in compliance with Rule 25.1 (1) within the
time allowed by Rule 26.1(b) (2) or as extended by Rule 26.3. (3) See Tex. Fam. Code
Ann. §§ 109.002(a), 263.405(a) (Vernon 2002); Tex. R. App. P. 28.1(b). Rule
26.1(b) provides that, in an accelerated appeal, "the notice of appeal must be filed
within 20 days after the judgment or order is signed." Tex. R. App. P. 26.1(b); In re
K.A.F., 160 S.W.3d 923, 927 (Tex. 2005); In re T.W., 89 S.W.3d 641, 642 (Tex.
App.--Amarillo 2002, no pet.)

 Accordingly, the notice of appeal was due no later than September 13, 2007. 
The notice of appeal was filed by appellant on November 15, 2007. Subsequently,
appellee filed a motion to dismiss this appeal for lack of jurisdiction. On May 2,
2008, this Court requested that the parties' briefs include argument regarding whether
this Court has jurisdiction over this appeal. While conceding that the notice of appeal
was untimely filed, appellant opposes the dismissal on the grounds that the appellate
counsel retained to perfect his appeal failed to file the notice of appeal through no
fault of appellant's. However, appellant's response does not alter our preliminary
conclusion that appellant's notice of appeal was untimely.

 We are to construe the Rules of Appellate Procedure reasonably and liberally
so that the right to appeal is not lost by imposing requirements not absolutely
necessary to effect the purpose of a rule. Verburgt v. Dorner, 959 S.W.2d 615,
616-17 (Tex. 1997). However, we are prohibited from enlarging the scope of our
jurisdiction by enlarging the time for perfecting an appeal in a civil case in a manner
not provided for by rule. Tex. R. App. P. 2; In re T.W., 89 S.W.3d at 642; see
generally Denton County v. Huther, 43 S.W.3d 665, 666-67 (Tex. App.--Fort Worth
2001, no pet.) (dismissing accelerated appeal for want of jurisdiction when appellants
failed to file notice of appeal within 20 days after date order was signed).

 The jurisdiction of this Court is invoked by the timely filing of a notice of
appeal. In the absence of such, we have no jurisdiction to hear the appeal, and we
have no choice but to dismiss this appeal for lack of subject matter jurisdiction.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Alcala.
1. See Tex. R. App. P. 25.1.
2. See Tex. R. App. P. 26.1(b).
3. See Tex. R. App. P. 26.3.