Opinion issued November 19,
2009                                                                    

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00026-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IRAM SIDDIQUI, Appellant

 

V.

 

UNLIMITED ASSET RECOVERY, INC., Appellee

 

 



On Appeal from County Civil Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 907,037

 

 



MEMORANDUM OPINION

Appellant, Iram Siddiqui, brings an
interlocutory appeal, complaining of the county court’s denial of her motion to
dismiss the underlying cause.  We determine
whether this Court has jurisdiction to hear this interlocutory appeal. We
dismiss this appeal for want of jurisdiction. 


BACKGROUND

          Appellee,
United Asset Recovery (“UAR”), sued Ms. Siddiqui in Harris County Justice
Court, Precinct 5, Place 2, to recover $6,327.96 in unpaid credit card debt and
attorney fees of $1,898.36.  In her pro
se answer, Ms. Siddiqui requested a transfer of venue to a different precinct,
stating that the court’s location was too far from her house.  Ms. Siddiqui also apparently advanced
arguments to dismiss the case in the justice court, although no motion in the
justice court to that effect appears in the appellate record.  UAR asserted, in a “Response to [Ms.
Siddiqui’s] Motion to Dismiss” filed in the justice court, that the judgment
sought was within the justice court’s jurisdictional limits because it consisted
of “a principal balance of $4,014.20, with prejudgment interest of $2,313.76, court
costs, service fees, and attorney’s fees.” 
UAR alternatively prayed that, if the justice court found that the claim
was not within its jurisdictional limits, the case be transferred to county
court.  

Although the justice court found that
the amount sought was within its jurisdictional limits, the case was subsequently
transferred to Harris County Civil County Court at Law Number Four.  Ms. Siddiqui then filed a motion seeking to
dismiss the case in the county court, asserting that the justice court never
had jurisdiction and thus the case “was void” when transferred to county
court.  The basis of Ms. Siddiqui’s
argument was that the amount in controversy pleaded exceeded the justice
court’s jurisdictional limits and, therefore, the justice court never had
jurisdiction over the dispute and the county court to which the case had been
transferred likewise had no jurisdiction.[1]  The county court denied the motion to dismiss
on April 17, 2008.    

On January 6, 2009, Ms. Siddiqui
filed a notice of appeal complaining of the county court’s April 17, 2008 order.
In this interlocutory appeal, Ms. Siddiqui prays that this Court dismiss UAR’s
case in county court for lack of jurisdiction.[2]

JURISDICTION

Because appellant appeals from an
interlocutory order, her notice of appeal was due on May 7, 2008.  See Tex. R. App.
P. 26.1(b), 28.1(a), (b)
(providing that notice of appeal is due 20 days after signing of interlocutory
order being appealed); Lehmann v. Har-Con Corp., 39 S.W.3d 191, 205 (Tex. 2001)
(holding that order or judgment is interlocutory unless it actually disposes of
every pending claim and party or unless it clearly and unequivocally states
that it finally disposes of all claims and parties).  Appellant filed her notice of appeal
on January 6, 2009—almost eight months after the due date—stating therein that “[t]his is timely in that the lack of
jurisdiction can be appealed at any time.” This pronouncement is a misstatement
of the law.  

While true that a lack of
jurisdiction is fundamental error that does not need to be preserved and may be
raised for the first time on appeal, see
Denton County v. Huther, 43 S.W.3d 665, 667 n.2 (Tex. App.—Fort Worth 2001,
no pet.), this does not mean that a person may appeal the trial court’s lack of subject matter jurisdiction “at
any time.”  Appellant confuses the time
for lodging one’s complaint regarding want of jurisdiction with the timeline
for filing an appeal.  Her reading would
change the deadline to appeal a jurisdictional defect to “at any time she feels
like it.”  One seeking to appeal a particular
ruling of a trial court must file her notice of appeal within the applicable
time period prescribed by the Texas Rules of Appellate Procedure in order for
the appellate court to be vested with jurisdiction to review the complained-of
ruling.  See Tex. R. App. P. 25.1(b).  Without a timely filed notice of appeal, an
appellate court has no jurisdiction to consider any complaint, even a complaint
that the trial court had no subject matter jurisdiction over the case.  Id.;
see also Huther, 43 S.W.3d at 667 n.2
(noting that appellate court has no jurisdiction to address any issue, even
contention of lack of subject matter jurisdiction, in absence of timely notice
of appeal).  In the present case, because
appellant’s notice of appeal to this Court was untimely, we have not been
vested with jurisdiction over her appeal. 
See Tex. R. App. P. 25.1(b);
Wilkins v. Methodist Health Care Sys., 160 S.W.3d 559, 564 (Tex. 2005) (holding that,
because notice of appeal was untimely, court of appeals lacked jurisdiction
over appeal; dismissing appeal for want of jurisdiction).  

Furthermore, we note that, because
appellant seeks to appeal an interlocutory order, we have no jurisdiction to
consider her appeal unless the order is one for which interlocutory appeal is
permitted under the statutory provisions of section 51.014 of the Texas Civil
Practices and Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. § 51.014(a)(Vernon 2008) (listing
interlocutory orders from which interlocutory appeal may be taken); Jack B.
Anglin Co., Inc. v. Tipps,
842 S.W.2d 266, 272 (Tex. 1992) (holding that Texas appellate courts only have appellate
jurisdiction over appeals from final orders or judgments, unless statute permits appeal from interlocutory
order).  

The interlocutory order of which
appellant complains is not one for which an interlocutory appeal is
permitted.  See Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(a). 
Appellant cites no statutory basis for our jurisdiction to consider her
interlocutory appeal.  Appellant does
contend that jurisdictional issues can be raised at any time, including on
appeal.  As noted previously, that tenet
of law relates to the preservation of the issue for appellate review, not the
jurisdiction of a reviewing court to consider an appeal.  Huther,
43 S.W.3d at 667 n.2.  Regardless of the
claim being made on appeal, an appellate court only has jurisdiction to
consider interlocutory appeals when specifically provided for by statutory
authority.  See Young v. Villegas, 231 S.W.3d 1, 4, 6 (Tex.
App.—Houston [14th Dist.] 2007, pet. denied) (rejecting argument that appellate
court had jurisdiction because “lack of subject matter jurisdiction could be
raised at any time” and holding that appellate court had no jurisdiction to
entertain interlocutory appeal absent statutory authority, even when contention
on appeal was that trial court lacked jurisdiction).  In the present case, the interlocutory order
sought to be appealed is not one for which an interlocutory appeal is
authorized.[3]  See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a).  Accordingly, even if
appellant had filed a timely notice of appeal, we would be required to dismiss
this appeal for lack of jurisdiction.  Young, 231 S.W.3d at 6.




CONCLUSION

          We
dismiss this appeal for lack of jurisdiction.

 

 

                                                          Jim
Sharp

                                                          Justice

 

Panel consists of Justices Jennings,
Higley, and Sharp.











[1]           At the
time that the action was commenced, the maximum jurisdictional limit of justice
courts was $5,000, exclusive of interest, and inclusive of attorneys’ fees. Act
of May 19, 1991, 72nd Leg., R.S., ch. 776, 1991 Tex. Gen. Laws 2767, 2767
(amended 2007) (current version at Tex.
Gov’t Code Ann. § 27.031(a)(1) (Vernon Supp. 2009)).    





[2]           According
to UAR’s brief, a final ruling was issued by the county court in the underlying
cause on February 26, 2009.  The clerk’s
record before this Court does not contain any final judgment and appellant’s
notice of appeal does not seek to appeal any final judgment, but only the April
17, 2008 interlocutory order. 





[3]           Although a motion to dismiss for want
of jurisdiction may be construed as a plea to the jurisdiction, see Klein v. Hernandez, 260 S.W.3d 1, 4,
8 (Tex. App.—Houston [1st Dist.] 2008, pet. granted on other grounds)
(construing motion to dismiss for lack of jurisdiction as plea to
jurisdiction), only a governmental
unit may bring an interlocutory appeal from the denial of a plea to the
jurisdiction. See Tex. Civ. Prac. & Rem. Code Ann. §
51.014(a)(8) (Vernon 2008); Young v.
Villegas, 231 S.W.3d 1, 6–7 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).