NO. 07-09-0358-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 8, 2009

_____

IN THE INTEREST OF D.G., M.H., R.H., AND C.D.H., CHILDREN

_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-541,709; HONORABLE LESLIE HATCH, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, M.H., filed a notice of appeal from the trial court's order terminating his parental rights to his children. We dismiss this appeal for want of jurisdiction.

An appeal from an order terminating the parent-child relationship is accelerated and governed by the rules for accelerated appeals in civil cases. *See* Tex. Fam. Code Ann. §§ 109.002(a) and 263.405(a) (Vernon 2009). Rule 26.1(b) of the Texas Rules of Appellate Procedure provides that in an accelerated appeal, the notice of appeal must be filed within

twenty days after the order is signed. Moreover, neither a motion for new trial, a request for findings of fact and conclusion of law, nor any other post-trial motion will extend the deadline for filing a notice of appeal under Rule 26.1(b). *See* Tex. Fam. Code Ann. § 263.405(c) (Vernon 2009). *See also In re K.A.F.*, 160 S.W.3d 923, 926-27 (Tex. 2005).

The termination order was signed on September 15, 2009, making the notice of appeal due on or before October 5, 2009. Applying the fifteen-day extension provided by Rule 26.3 of the Texas Rules of Appellate Procedure, the notice of appeal could have been filed as late as October 20, 2009. The notice of appeal was filed in the trial court on October 22, 2009. Pursuant to Rule 42.3(a) of the Texas Rules of Appellate Procedure, by letter dated November 4, 2009, this Court notified counsel of the untimely filed notice of appeal and directed counsel to show cause why the appeal should not be dismissed for want of jurisdiction. Counsel was also notified that a post-judgment motion would not extend the deadline in which to file the notice of appeal.

Counsel timely responded explaining that a motion for new trial hearing scheduled for September 18, 2009, had been recessed and continued until October 9, 2009. Counsel included a copy of the trial court's "Order on Motion for New Trial and Notice of Appeal" by which the trial court denied the request for a new trial. The order was signed on October 9, 2009, and filed on November 4, 2009.

Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost

by imposing requirements not absolutely necessary to effect the purpose of a rule, *Verburgt v. Dorner*, 959 S.W.2d 615 (Tex. 1997), regarding our jurisdiction, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See* Tex. R. App. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal). This Court has no discretion to permit Appellant's untimely filed notice of appeal to confer jurisdiction over his appeal. *See In re T.W.*, 89 S.W.3d 641, 642 (Tex.App.–Amarillo 2002, no pet.) (op. on reh'g). *See generally Denton County v. Huther*, 43 S.W.3d 665, 667 (Tex.App.–Fort Worth 2001, no pet.) (dismissing an accelerated appeal for want of jurisdiction where appellants failed to file their notice of appeal within twenty days after the date the order was signed).

Pending before this Court are two separate court reporters' requests for extensions of time in which to prepare the reporter's record. Considering our disposition of Appellant's appeal, those requests are rendered moot.

Accordingly, this purported appeal is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

Do not publish.

3