COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| COUNTY OF EL PASO, | | No. 08-12-00005-CV |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| v. | | County Court at Law No. 3 |
| | § | |
| | | of El Paso County, Texas |
| LETICIA NAPOLES, | § | |
| | | (TC# 2008-3811) |
| Appellee. | § | |

## MEMORANDUM   OPINION

This matter is before the Court on Appellee's motion to dismiss for want of jurisdiction. The motion will be granted for the reasons stated below.

*Procedural Background*

Appellee Leticia Napoles sued the County of El Paso alleging whistleblower and sex discrimination and retaliation claims.   The County filed a plea to the jurisdiction, which was denied on September 4, 2009.   In September 2011, the County filed a second plea to the jurisdiction regarding the whistleblower claim, combined with a motion for summary judgment as to all of the claims.   After conducting a hearing, the trial court orally denied this motion on January 6, 2012.   The County filed a notice of appeal that day.   The court signed a written order on January 19, 2012.

In this Court, the County filed a motion to stay the trial court proceedings and Napoles filed a motion to dismiss.   The County has not responded to the motion to dismiss.

*Discussion*

A governmental unit, such as the County, may bring an interlocutory appeal from an order

denying a plea to the jurisdiction. *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(8)(West Supp. 2011). However, the County cannot appeal from the denial of a motion to reconsider a plea to the jurisdiction. *See CTL/Thompson Texas, LLC v. Morrison Homes*, 337 S.W.3d 437, 443 (Tex.App.--Fort Worth 2011, pet. denied). Napoles argues that the County's second plea to the jurisdiction was, in effect, a motion for reconsideration. She relies principally on *Denton County v. Huther*, 43 S.W.3d 665 (Tex.App.--Fort Worth 2001, no pet.).

In *Huther*, the defendants filed a motion to reconsider and "renewed plea to the jurisdiction" after their first plea was denied. *See* 43 S.W.3d at 666. The appellate court noted that the first and second pleas raised the same grounds, but the second plea cited additional authority. *See id.* at 667. The court held, "The mere fact that the motion cites additional authority in support of Appellants' plea to the jurisdiction that was not included in the plea to the jurisdiction when it was first presented to the trial court, did not transform the motion into a second, separate and distinct plea to the jurisdiction." *Id.* Therefore, the order denying the second plea was not an appealable interlocutory order. *Id.*; *accord City of Houston v. Estate of Jones*, 321 S.W.3d 668, 670-71 (Tex.App.--Houston [14th Dist.] 2010, pet. filed); *Tex. Dep't of Criminal Justice v. Avellaneda*, No. 11-05-00414-CV, 2006 WL 1172253, at *2 (Tex.App.--Eastland May 4, 2006, no pet.)(mem. op.).

In this case, the first plea to the jurisdiction asserted that Napoles cannot satisfy three of the elements of a whistleblower claim. The second plea attacks the same three elements, but cites additional authority and evidence. Although the County did not respond to the motion to dismiss, it asserts in its motion to stay that Napoles' January 18, 2011 deposition revealed a fundamental failing as to one of the whistleblower elements. But the County also states that Napoles'

2

testimony in this regard is consistent with the facts stated in the grievance she filed with the civil service commission. The grievance was available to the County when it filed its first plea to the jurisdiction. In this situation, the additional evidence does not make the second plea substantively different from the first one. *See Moorhead v. East Chambers Indep. Sch. Dist.*, No. 01-03-01234-CV, 2004 WL 1470787, at *3-4 (Tex.App.--Houston [1st Dist.] July 1, 2004, pet. denied)(mem. op.).

Because the second plea to the jurisdiction raises the same grounds as the first plea, we agree with Napoles that the order denying the second plea is not an appealable order.

This appeal is dismissed for want of jurisdiction. The County's motion to stay is denied as moot.


February 8, 2012

                                        CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

3