COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
  
  
 COUNTY OF EL PASO, 
  
                            
 Appellant,
  
 v.
  
  
 LETICIA NAPOLES, 
  
                            
 Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  '
 
  
 
 
  
  
                   No. 08-12-00005-CV
  
 Appeal from the
  
 County
 Court at Law No. 3
  
 of El
 Paso County, Texas 
  
 (TC# 2008-3811) 
  
 
 


 

MEMORANDUM  OPINION

 

This matter is
before the Court on Appellee=s
motion to dismiss for want of jurisdiction. 
The motion will be granted for the reasons stated below.

Procedural
Background

Appellee Leticia
Napoles sued the County of El Paso alleging whistleblower and sex
discrimination and retaliation claims. 
The County filed a plea to the jurisdiction, which was denied on
September 4, 2009.  In September 2011,
the County filed a second plea to the jurisdiction regarding the whistleblower
claim, combined with a motion for summary judgment as to all of the
claims.  After conducting a hearing, the
trial court orally denied this motion on January 6, 2012.  The County filed a notice of appeal that
day.  The court signed a written order on
January 19, 2012.

In this Court, the
County filed a motion to stay the trial court proceedings and Napoles filed a
motion to dismiss.  The County has not
responded to the motion to dismiss.

Discussion

A governmental
unit, such as the County, may bring an interlocutory appeal from an order
denying a plea to the jurisdiction.  See
Tex.Civ.Prac.&Rem.Code Ann. ' 51.014(a)(8)(West Supp. 2011).  However, the County cannot appeal from the
denial of a motion to reconsider a plea to the jurisdiction.  See CTL/Thompson Texas, LLC v. Morrison
Homes, 337 S.W.3d 437, 443 (Tex.App.--Fort Worth 2011, pet. denied).  Napoles argues that the County=s second plea to the jurisdiction was,
in effect, a motion for reconsideration. 
She relies principally on Denton County v. Huther, 43 S.W.3d 665
(Tex.App.--Fort Worth 2001, no pet.).

In Huther,
the defendants filed a motion to reconsider and Arenewed
plea to the jurisdiction@
after their first plea was denied.  See
43 S.W.3d at 666.  The appellate court
noted that the first and second pleas raised the same grounds, but the second
plea cited additional authority.  See
id. at 667.  The court held, AThe mere fact that the motion cites
additional authority in support of Appellants=
plea to the jurisdiction that was not included in the plea to the jurisdiction
when it was first presented to the trial court, did not transform the motion
into a second, separate and distinct plea to the jurisdiction.@ 
Id.  Therefore, the order
denying the second plea was not an appealable interlocutory order.  Id.; accord City of Houston v.
Estate of Jones, 321 S.W.3d 668, 670-71 (Tex.App.--Houston [14th Dist.]
2010, pet. filed); Tex. Dep=t
of Criminal Justice v. Avellaneda, No. 11‑05‑00414‑CV,
2006 WL 1172253, at *2 (Tex.App.--Eastland May 4, 2006, no pet.)(mem. op.).

In this case, the
first plea to the jurisdiction asserted that Napoles cannot satisfy three of
the elements of a whistleblower claim. 
The second plea attacks the same three elements, but cites additional
authority and evidence.  Although the
County did not respond to the motion to dismiss, it asserts in its motion to
stay that Napoles= January
18, 2011 deposition revealed a fundamental failing as to one of the
whistleblower elements.  But the County
also states that Napoles=
testimony in this regard is consistent with the facts stated in the grievance
she filed with the civil service commission. 
The grievance was available to the County when it filed its first plea
to the jurisdiction.  In this situation,
the additional evidence does not make the second plea substantively different
from the first one.  See Moorhead v.
East Chambers Indep. Sch. Dist., No. 01-03-01234-CV, 2004 WL 1470787, at
*3-4 (Tex.App.--Houston [1st Dist.] July 1, 2004, pet. denied)(mem. op.).

Because the second
plea to the jurisdiction raises the same grounds as the first plea, we agree
with Napoles that the order denying the second plea is not an appealable order.

This appeal is
dismissed for want of jurisdiction.  The
County=s motion
to stay is denied as moot.

 

 

February 8, 2012

                                                                        CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.