

In The

# Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-13-00305-CV
_____

**IN RE G.P., A.P. AND A.P.**

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 82,560-D; Honorable Don Emerson, Presiding

September 27, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, G.P.,[1] appeals the trial court's order terminating his parental rights to his three children. We dismiss this appeal for want of jurisdiction.

An appeal from an order terminating the parent-child relationship is accelerated and governed by the rules for accelerated appeals in civil cases. *See* TEX. FAM. CODE ANN. §§ 109.002(a) and 263.405(a) (West Supp. 2012). Rule 26.1(b) of the Texas

---

[1] To protect the father's and children's privacy, we refer to them by their initials. *See* TEX. FAM. CODE ANN. §109.002(d) (West Supp. 2012). *See also* TEX. R. APP. P. 9.8(b).

Rules of Appellate Procedure provides that in an accelerated appeal, the notice of appeal must be filed within twenty days after the date the order is signed. If the twenty-day deadline expires, the notice may still be considered timely if an appellant files the notice within the fifteen day extension provided by Rule 26.3. The Rule provides that the notice of appeal must be filed in the trial court within the fifteen day extension period in addition to the filing of a motion for extension of time in this Court. The motion for extension of time is necessarily implied pursuant to *Vergburgt v. Dorner*, 959 S.W.2d 615, 616-17 (Tex. 1997).

Here, the termination order was signed on August 20, 2013, making the notice of appeal due in the trial court on or before September 9, 2013. Appellant filed his notice on September 10, 2013, one day after the deadline, but within the implied fifteen day extension period. Although the motion for extension of time was implied, this Court was required to request that Appellant provide a reasonable explanation for the late-filed notice. *See Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998). *See also* TEX. R. APP. P. 10.5(b) (requiring a motion for extension of time for filing a notice of appeal to state the facts relied on to reasonably explain the need for an extension). By letter dated September 11, 2013, counsel for Appellant was directed to provide a reasonable explanation, in writing, for the delay within ten days.[2] Counsel was also advised that failure to comply could result in dismissal for want of jurisdiction. When no response to our written directive was received, a courtesy telephone inquiry was made to Appellant's counsel on September 24. When counsel again did not respond, a second courtesy

---

[2]The tenth day fell on Saturday, September 21 but was extended to Monday, September 23, under Rule 4.1(a) of the Texas Rules of Appellate Procedure.

telephone reminder was made on September 25. During this conversation the Court was advised that no explanation would be forthcoming.

Notwithstanding that the Texas Supreme Court has directed us to construe the Rules of Appellate Procedure reasonably and liberally so that the right of appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule, *Verburgt*, 959 S.W.2d at 615, regarding our jurisdiction, we are prohibited from enlarging the time for perfecting an appeal in a civil case. *See* TEX. R. APP. P. 2 (providing that we may not suspend a rule's operation or order a different procedure to alter the time for perfecting an appeal). Having failed to receive a motion complying with Rule 10.5(b), providing a reasonable explanation for an extension, this Court has no discretion to *sua sponte* permit Appellant's untimely filed notice of appeal to confer jurisdiction over his appeal. *See In re T.W.*, 89 S.W.3d 641, 642 (Tex.App.–Amarillo 2002, no pet.) (op. on reh'g). *See generally Denton County v. Huther*, 43 S.W.3d 665, 667 (Tex.App.–Fort Worth 2001, no pet.) (dismissing an accelerated appeal for want of jurisdiction where appellants failed to file their notice of appeal within twenty days after the date the order was signed).

Accordingly, G.P.'s appeal from the trial court's order terminating his parental rights to his three children is dismissed for want of jurisdiction.

Patrick A. Pirtle
Justice

3