

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00259-CV

CTL/THOMPSON TEXAS, LLC;  APPELLANTS
MICHAEL L. LESTER, P.E.; CHE-
HUNG TSAI, PH.D., P.E.; AND
SRIKANTH DINAKARAN, P.E.

V.

MORRISON HOMES AND  APPELLEES
SHEFFIELD DEVELOPMENT
COMPANY, INC.

----------

FROM THE 153RD DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

## I. INTRODUCTION

Appellants CTL/Thompson Texas, LLC; Michael L. Lester, P.E.; Che-Hung

Tsai, Ph.D., P.E.; and Srikanth Dinakaran, P.E. (collectively, "CTL") perfected

this interlocutory appeal from the trial court's denial of their motions to dismiss

the claims of Appellees Morrison Homes and Sheffield Development Company,

Inc. for Appellees' alleged failure to file certificates of merit as required by chapter 150 of the Texas Civil Practice and Remedies Code. For the reasons set forth below, we will dismiss CTL's appeal from the July 6, 2010 order denying CTL's second motion to dismiss Morrison Homes's claims against CTL, and we will affirm the trial court's denial of CTL's motion to dismiss Sheffield's cross-claims.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2007, Morrison Homes sued Sheffield for breach of contract and other claims arising out of Sheffield's sale to Morrison Homes of land for a residential subdivision. CTL had provided geotechnical engineering services for Sheffield, and Morrison Homes sued CTL for professional negligence, negligent misrepresentation, and breach of warranty. Morrison Homes's original petition included a certificate of merit by Jim L. Hillhouse, P.E. (the Hillhouse certificate). In March 2008, CTL moved to dismiss Morrison Homes's claims against it on the ground that the Hillhouse certificate was inadequate.

Subsequently, Sheffield filed cross-claims and amended cross-claims against CTL for contribution and/or indemnity, breach of contract, breach of express warranty, and negligence. Sheffield expressly referenced and incorporated the Hillhouse certificate in its cross-claims against CTL.

CTL filed cross-claims against Sheffield. CTL demanded contribution from Sheffield and also pleaded a negligence cause of action against Sheffield. In its

2

cross-claims against Sheffield, CTL also adopted and relied upon the Hillhouse certificate.

After the above pleadings had been filed, the trial court signed a July 3, 2008 order denying CTL's motion to dismiss Morrison Homes's claims against it on the ground that the Hillhouse certificate was inadequate. CTL did not perfect an interlocutory appeal from that order.

In 2009, Morrison Homes amended its pleadings to include additional factual allegations against CTL and to add a new claim against CTL for fraud in a real estate transaction. CTL then filed two motions to dismiss: a second motion to dismiss seeking dismissal of all of Morrison Homes's claims against it and a motion to dismiss Sheffield's claims against it.

CTL's second motion to dismiss Morrison Homes's claims asserted that the Hillhouse certificate filed by Morrison Homes—the same certificate of merit that CTL had challenged in its first motion to dismiss—was inadequate. Morrison Homes responded that CTL had waived any further complaints concerning the adequacy of the Hillhouse certificate because CTL had failed to perfect an appeal from the trial court's July 3, 2008 order denying CTL's first motion to dismiss.

CTL's motion to dismiss Sheffield's cross-claims asserted that Sheffield had failed to file a certificate of merit. Sheffield responded that it was not required to file a certificate of merit to pursue a contribution and/or an indemnity claim and that to the extent a certificate of merit was required by its claims for

3

breach of contract, breach of express warranty, and negligence—which Sheffield pleaded were purely derivative of Morrison Homes's claims—that requirement was satisfied by the Hillhouse certificate that Sheffield had incorporated into its cross-claims.

The trial court conducted a hearing on both of CTL's dismissal motions and signed two July 6, 2010 orders denying them—one order denying CTL's second motion to dismiss Morrison Homes's claims and one order denying CTL's motion to dismiss Sheffield's claims. CTL then perfected this interlocutory appeal challenging the trial court's denial of both of its motions to dismiss.

### III. CHAPTER 150 OF THE TEXAS CIVIL PRACTICE AND REMEDIES CODE[1]

The controlling version of the statute provides, in pertinent part:

(a) In any action for damages alleging professional negligence by a design professional, the plaintiff shall be required to file with the complaint an affidavit of a third-party registered . . . licensed professional engineer competent to testify and practicing in the same area of practice as the defendant, which affidavit shall set forth specifically at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim. The third-party professional engineer . . . shall be licensed in this state and actively engaged in the practice of . . . engineering.

　　　　. . . .

---

[1]The 2005 version of the statute is applicable here. *See* Act of May 18, 2005, 79th Leg., R.S., ch. 208, §§ 2, 4–5, 2005 Tex. Gen. Laws 369, 369–70 (amended 2009) (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 150.001–.003 (Vernon Supp. 2010)); Act of May 12, 2005, 79th Leg., R.S., ch. 189, §§ 1–2, 2005 Tex. Gen. Laws 348, 348 (amended 2009) (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 150.001–.002). All references in this opinion are to the 2005 version of section 150.002.

(d) The plaintiff's failure to file the affidavit in accordance with Subsection (a) or (b) may result in dismissal with prejudice of the complaint against the defendant.

*See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a), (d) (Vernon 2005).

## IV. STANDARD OF REVIEW

An order granting or denying a motion to dismiss made pursuant to chapter 150 of the Texas Civil Practice and Remedies Code is immediately appealable as an interlocutory order. *Id.* § 150.002(e); *Landreth v. Las Brisas Counsel of Co-Owners, Inc.*, 285 S.W.3d 492, 496 (Tex. App.—Corpus Christi 2009, no pet.). We review the denial of a defendant's motion to dismiss pursuant to section 150.002 under an abuse of discretion standard. *Landreth*, 285 S.W.3d at 496; *Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 397 (Tex. App.—Beaumont 2008, no pet.); *see also Palladian Bldg. Co. v. Nortex Found. Designs, Inc.*, 165 S.W.3d 430, 433 (Tex. App.—Fort Worth 2005, no pet.).

A trial court abuses its discretion when it acts in an unreasonable and arbitrary manner or without reference to any guiding rules or principles. *Palladian*, 165 S.W.3d at 433. That a trial court decided a matter within its discretion in a different manner than an appellate court does not demonstrate an abuse of discretion, *id.*, but a clear failure by the trial court to analyze or apply the law correctly does constitute an abuse of discretion. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

If resolution of an issue requires us to construe statutory language, we apply a de novo standard of review to the statute's construction. *See Entergy*

5

*Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *Palladian*, 165 S.W.3d at 436 (citing *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002)).   Once we determine the proper construction of the statute, we determine whether the trial court abused its discretion in the manner in which it applied the statute to the instant case.   *See Palladian*, 165 S.W.3d at 436.

### V.  NO ABUSE OF DISCRETION BY FAILING TO DISMISS MORRISON HOMES'S CLAIMS

In its first two issues, CTL claims that the trial court abused its discretion by denying CTL's second motion to dismiss Morrison Homes's claims.  In its fifth issue, CTL argues that, to the extent the trial court implicitly found that CTL had waived its right to dismissal of Morrison Homes's claims, such a finding constituted an abuse of discretion.

CTL's first motion to dismiss Morrison Homes's claims and its second motion to dismiss Morrison Homes's claims both seek dismissal based solely on the alleged inadequacy of the Hillhouse certificate.  CTL's second motion to dismiss alleges additional purported inadequacies that CTL did not allege in its first motion to dismiss and cites additional case law, but otherwise, the motions are the same.  CTL concedes that it did not perfect an appeal from the trial court's July 3, 2008 order denying CTL's first motion to dismiss Morrison Homes's claims against it.  CTL likewise concedes that its second motion to dismiss—denied by the trial court on July 6, 2010—challenges the same Hillhouse certificate.

6

An interlocutory order that is not timely appealed is not reviewable by this court. *See City of Houston v. Estate of Jones*, 321 S.W.3d 668, 670–71 (Tex. App.—Houston [14th Dist.] 2010, pet. filed); *State v. Ruiz Wholesale Co.*, 901 S.W.2d 772, 775 (Tex. App.—Austin 1995, no writ); *Desai v. Reliance Mach. Works, Inc.*, 813 S.W.2d 640, 641 (Tex. App.—Houston [14th Dist.] 1991, no writ); *Cellular Mktg., Inc. v. Houston Cellular Tel. Co.*, 784 S.W.2d 734, 735 (Tex. App.—Houston [14th Dist.] 1990, no writ); *Tober v. Turner of Tex., Inc.*, 668 S.W.2d 831, 833–34 (Tex. App.—Austin 1984, no writ). Thus, we do not possess interlocutory jurisdiction over the trial court's July 3, 2008 order. *See* Tex. R. App. P. 26.1(b) (providing that in accelerated appeal, notice of appeal must be filed within twenty days of the date the judgment or order is signed); *see also Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (holding that we are to strictly construe statutes allowing interlocutory appeals).

We likewise do not possess jurisdiction over the trial court's July 6, 2010 order denying CTL's second motion to dismiss Morrison Homes's claims.[2] To the extent the July 6, 2010 order simply rules on the same matters already ruled on by the trial court in the July 3, 2008 order, it is not an appealable order. *Denton County v. Huther*, 43 S.W.3d 665, 666–67 (Tex. App.—Fort Worth 2001, no pet.) (holding that order denying "renewed plea to the jurisdiction" was not an

---

[2]Morrison Homes filed a motion in our court to dismiss CTL's appeal for want of jurisdiction. We carried Morrison Homes's motion to dismiss to submission of the appeal, and as set forth in this opinion, we now grant it.

appealable order; appellant had not appealed from original order denying plea to jurisdiction). To the extent that the July 6, 2010 order rules on new attacks on the adequacy of the Hillhouse certificate, it is still not an appealable order because nothing in chapter 150 authorizes a defendant to raise successive adequacy challenges to the same certificate of merit, one challenge at a time, or to perfect successive appeals from a trial court's ruling on those motions. To the contrary, the plain language of the statute and the objectives to be obtained by the statute would be undermined by such a construction. *See* Tex. Gov't Code Ann. § 311.023 (Vernon 2005) (explaining that, in construing a statute, courts may consider object sought to be attained by the statute, among other things). The purpose of a certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims have merit. *Criterium-Farrell Eng'rs*, 248 S.W.3d at 399. Once the trial court reviewed the Hillhouse certificate filed by Morrison Homes with its original petition and denied CTL's first motion to dismiss[3] via the July 3, 2008 order, the trial court had determined that the Hillhouse certificate satisfied the statutory requirement by providing a basis for the trial court to conclude that at least one of Morrison Homes's claims had merit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a) (requiring certificate of merit only to set forth at least one negligent act, error, or omission claimed to exist);

---

[3]CTL's first motion to dismiss expressly alleged that the Hillhouse certificate "does not set forth any negligent act, error or omission or factual basis for Plaintiff's claims."

8

*Criterium-Farrell Eng'rs*, 248 S.W.3d at 399. Strictly construing chapter 150, after the determination by the trial court that the Hillhouse certificate comported with the statutory requisites, the statute provides no right to any further review of the Hillhouse certificate or to appeal any further review of the Hillhouse certificate. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002; *see also Stary*, 967 S.W.2d at 352–53 (requiring us to strictly construe statutes allowing interlocutory appeals).

CTL nonetheless contends on appeal that its second motion to dismiss is in the nature of a motion for rehearing. CTL argues that "[r]econsideration is always appropriate when there is a change in the law" because

> [i]n the two years since the trial court's denial of CTL's first dismissal motion, Texas appellate courts have addressed a wide variety of issues interpreting Chapter 150 and involved in this case, such as whether there is a standard of care requirement, whether there is a deadline for seeking dismissal, and which claims are subject to dismissal.
>
> CTL explicitly advised the trial court that CTL sought dismissal of Morrison Homes's original claims based on changes in the law due to interpretive case authority issued after the trial court denied CTL's first dismissal motion two years earlier.

But no statute exists giving us interlocutory jurisdiction over an order denying a motion to reconsider. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon 2008) (authorizing a variety of interlocutory appeals but not including an appeal from an order denying a motion to reconsider); § 150.002(e) (authorizing immediate appeal from an order granting or denying motion to dismiss), *Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.]

9

2004, no pet.) (dismissing attempted appeal from trial court's denial of motion to reconsider); *Denton County*, 43 S.W.3d at 666–67 (same). To the extent CTL's second motion for dismissal is in the nature of a motion for reconsideration, the trial court's July 6, 2010 order is not an appealable order.

CTL also argues that because new case law developed between the time the trial court ruled on CTL's first motion to dismiss and the time it filed its second motion to dismiss, the two motions constitute different, stand-alone motions for dismissal. The mere fact that additional case law developed after the trial court issued its July 3, 2008 order and was cited in CTL's second motion to dismiss does not make CTL's second motion to dismiss substantively different from its first motion to dismiss—both challenge the adequacy of the Hillhouse certificate. *See Denton County*, 43 S.W.3d at 667 (holding that motion's inclusion of additional authority in support of appellants' plea to the jurisdiction that was not included in the plea when it was first presented to the trial court did not transform the motion into a second, separate and distinct plea to the jurisdiction and that order denying said "renewed plea to the jurisdiction" was not an appealable order; appellants had not appealed from original order denying plea to jurisdiction). And, as discussed above, the trial court denied CTL's first motion to dismiss, CTL failed to appeal that ruling, and no statutory vehicle exists for further trial court or appellate court review of the trial court's determination that the Hillhouse certificate provided a basis for the trial court to conclude that at least one of Morrison Homes's claims had merit.

10

CTL additionally argues on appeal that its second motion to dismiss sought "for the first time . . . dismissal of the new claims alleged against CTL in Morrison Homes's Second Amended Petition," that is, Morrison Homes's claim for fraud in a real estate transaction. Thus, CTL appears to argue that it was at least entitled to a ruling on the sufficiency of the Hillhouse certificate as to that newly asserted claim. But, the version of the statute in effect for this case requires only that the plaintiff file a certificate of merit (also called an affidavit) with the plaintiff's "complaint." Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). As previously discussed, the certificate is required to set forth specifically "at least one negligent act, error, or omission claimed to exist and the factual basis for each such claim." *Id*. A defendant is not required to file "an answer to the complaint and affidavit until 30 days after the filing of such affidavit." *Id*. § 150.002(c). Thus, the plain language of the statute requires a certificate of merit or affidavit only in connection with the plaintiff's original complaint and requires the certificate of merit or affidavit to set forth only one negligent act, error, or omission and the factual basis for that one claim. *See id*. § 150.002(a); *see also* Tex. Gov't Code Ann. § 311.011(a) (Vernon 2005) (requiring that words and phrases be read in context and construed according to rules of common usage); *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008) ("[W]e construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results." (citations omitted)). We cannot judicially

rewrite the statute, as CTL urges, to include some requirement that a new, amended certificate of merit be filed each time a plaintiff amends his pleadings to assert a new cause of action so that every cause of action is addressed in a certificate of merit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a).

Finally, CTL contends in its fifth issue that it did not waive its right to a dismissal of Morrison Homes's claims because there is no deadline by which a defendant must move for dismissal. Morrison Homes argues, however, that CTL waived its right to dismissal *by not appealing the trial court's July 3, 2008 order*, not by waiting too long to file its motion to dismiss; CTL does not respond to this waiver argument. Because, for the reasons set forth above, we have held that we lack jurisdiction over the trial court's July 6, 2010 order, we need not address CTL's fifth issue. *See* Tex. R. App. P. 47.1 (requiring appellate court to address only issues necessary to disposition of appeal). In other words, because, for the reasons set forth above, CTL possesses no right of appeal from the July 6, 2010 order, it is not necessary for us to address its no-waiver contention.

For all of these reasons, we hold that the July 6, 2010 order denying CTL's second motion to dismiss Morrison Homes's claims is not an appealable order under the specific facts presented here. We grant Morrison Homes's motion to dismiss CTL's appeal from the July 6, 2010 order denying CTL's second motion to dismiss Morrison Homes's claims against CTL.[4]

---

[4]Because we grant the motion to dismiss, we therefore do not rule on CTL's first, second, and fifth issues.

12

## VI. No Abuse of Discretion by Failing to Dismiss Sheffield's Claims

In its third and fourth issues, CTL claims that the trial court abused its discretion by not granting CTL's motion to dismiss Sheffield's cross-claims. Sheffield, a defendant in the lawsuit, filed cross-claims against CTL for contribution and/or indemnity, breach of contract, breach of express warranty, and negligence. In connection with its cross-claims, Sheffield pleaded,

> Sheffield does not seek to establish any different factual allegations against [CTL] regarding whether its work on the project fell below the applicable professional standards. Sheffield only seeks contribution and/or indemnity from [CTL] on a claim that is derivative of the Plaintiff's claim.

Sheffield pleaded that "[i]n the unlikely event Morrison Homes recovers against Sheffield," Sheffield is asserting breach of contract, breach of express warranty, and negligence claims against CTL. Each of these cross-claims was set forth in a separate paragraph and each alleged that CTL's conduct with respect to each cause of action was "described in the Certificate of Merit filed by Plaintiff."

CTL moved to dismiss Sheffield's cross-claims on the ground that Sheffield did not file its own certificate of merit; CTL claimed that Sheffield could not rely upon the Hillhouse certificate filed by Morrison Homes.[5] Based on the plain

---

[5]CTL filed cross-claims against Sheffield. CTL did not file its own certificate of merit but instead pleaded that "[t]he work and services performed by [Sheffield] were negligent, improper, incomplete, incorrect, faulty and defective, all as described in Plaintiff's Original Petition." Morrison Homes argues that, by adopting its original petition, CTL also adopted the Hillhouse certificate that was attached to and incorporated in the original petition and that, consequently, CTL relies on the very certificate it is challenging. Sheffield points out that CTL relied

13

language of chapter 150, we hold that chapter 150 does not apply to Sheffield's cross-claims against CTL.

Section 150.002(a) requires a "plaintiff" to file a certificate of merit "with the complaint." *See* Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). A defendant is not required to file an answer to the complaint until thirty days after the filing of the affidavit. *Id.* § 150.002(c). And, the purpose of the statutory certificate of merit requirement is to be sure that the plaintiff's claims have merit. *See Criterium-Farrell Eng'rs*, 248 S.W.3d at 399. Here, Sheffield is a defendant, not a plaintiff. *Compare* Tex. R. Civ. P. 78–81 (pleadings of plaintiff), *with* Tex. R. Civ. P. 83–98 (pleadings of defendant). As a defendant, Sheffield filed cross-claims against CTL, another defendant. *See* Tex. R. Civ. P. 97(e) (providing that cross-claim is asserted by one party against a co-party). Additionally, because CTL had already made an appearance in the action when Sheffield filed its cross-claims against CTL, CTL was deemed under the rules of civil procedure to have filed a general denial to Sheffield's cross-claims. *See* Tex. R. Civ. P. 92 (providing that party that has already made an appearance in the action is deemed to have filed general denial to cross-claim). Thus, section 150.002(c)'s provision that a defendant need not file an answer until thirty days after a plaintiff files a certificate of merit is a nullity, never applicable to a cross-claim pleaded, as here, against a defendant that has already appeared because such a

on the Hillhouse certificate in its cross-claims even though CTL argues that Sheffield cannot do the same.

14

defendant, even in the absence of a responsive pleading, is deemed to have filed a general denial. *See id*. We are to construe a statute to give effect to all of its provisions; the construction urged by CTL does not. *See* Tex. Gov't Code Ann. § 311.021(2) (Vernon 2005) (providing that we presume that the entire statute is intended to be effective).

CTL points to *DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407 (Tex. App.—Dallas 2010, pet. denied) as support for its position, asserting that the Dallas Court of Appeals in that case "held that a defendant/third-party plaintiff was required to provide its own Certificate in order to pursue a claim for indemnity and contribution against an architect." But the issue before the court in *DLB Architects* was whether chapter 150 applied to claims against architects not registered in Texas such that a defendant/third-party plaintiff must file a certificate of merit when bringing claims against the architect. *See id.* at 409. Here, unlike in *DLB Architects*, we are dealing with a defendant who has brought cross-claims against another defendant, not a defendant who has brought a third-party claim against another entity. *Compare* Tex. R. Civ. P. 92 (concerning cross-claims), *with* Tex. R. Civ. P. 38 (concerning third-party practice). This distinction is important because when, as in the present case, a defendant files a cross-claim for contribution and indemnity against a licensed or registered professional co-defendant to whom chapter 150 applies, the plaintiff will have already filed a certificate of merit concerning the conduct of that same licensed or registered professional; if not, the plaintiff's claims are subject to dismissal. *See*

15

Tex. Civ. Prac. & Rem. Code Ann. § 150.002. But when a defendant files a third-party petition against a licensed or registered professional that the plaintiff has not sued, then obviously the plaintiff has not filed a certificate of merit concerning the conduct of that licensed or registered professional; consequently, the defendant acting as a third-party plaintiff seeking contribution and indemnity must do so. *See DLB Architects*, 305 S.W.3d at 411. Thus, when a defendant files cross-claims against a co-defendant that is a licensed or registered professional to whom chapter 150 applies, seeking contribution, indemnity, or a derivative claim, the rules of statutory construction dictate that the cross-claiming defendant may rely on the certificate of merit filed by the plaintiff and is not required to file a second, independent certificate of merit. We hold that Sheffield was not required to file its own certificate of merit but could rely on and incorporate the Hillhouse certificate. We overrule CTL's third and fourth issues.

## VII. CONCLUSION

Having determined that we lack jurisdiction over the trial court's July 6, 2010 order denying CTL's second motion to dismiss Morrison Homes's claims, we dismiss CTL's appeal from the July 6, 2010 order denying CTL's second motion to dismiss Morrison Homes's claims against CTL.  Having overruled CTL's third and fourth issues, we affirm the trial court's July 6, 2010 order denying CTL's motion to dismiss Sheffield's cross-claims.

SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED:  March 3, 2011