

# NUMBER 13-10-686-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

GULF ENERGY EXPLORATION CORP.,                                    Appellant,

v.

FUGRO CHANCE, INC.,                                              Appellee.

### On appeal from the 267th District Court
### of Calhoun County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Vela, and Perkes
### Memorandum Opinion by Justice Vela

This is an appeal from an order of dismissal entered in favor of appellee, Fugro

Chance, Inc. ("Fugro"), and against appellant, Gulf Energy Exploration Corp. ("Gulf

Energy"). By three issues, Gulf Energy argues that the trial court erred because: (1)

Gulf Energy's claims against Fugro did not require a certificate of merit to be filed

pursuant to section 150.002 of the Texas Civil Practice and Remedies Code; (2) Fugro's res judicata and collateral estoppel claims are groundless; and (3) severance was inappropriate. We dismiss for lack of jurisdiction.

## I. BACKGROUND

This is the second appeal to come before this Court involving the same issue. Gulf Energy originally filed suit against Fugro and others on August 18, 2009, seeking damages against Fugro with respect to the wrongful plugging of an offshore oil and gas well. Fugro filed a motion to dismiss with prejudice against Gulf Energy pursuant to section 150.002 of the Texas Civil Practice and Remedies Code for failure to file a certificate of merit in a case involving licensed or registered professionals. TEX. CIV. PRAC. & REM. CODE ANN. § 150.002 (West 2011). Fugro asserted that the claims against it arose from the provision of professional services, thus Gulf Energy was required to file a certificate of merit. The trial court granted Fugro's motion to dismiss on December 18, 2009. Gulf Energy attempted to appeal the trial court's ruling to this Court, but the appeal was untimely, and this Court dismissed the case for lack of jurisdiction on July 8, 2010. *See Gulf Energy Exploration Corp. v. Fugro Chance, Inc.*, No. 13-10-154-CV, 2010 WL 2697147, at *1 (Tex. App.—Corpus Christi July 8, 2010, no pet.) (*Fugro* I).

Meanwhile, while *Fugro* I was pending before this Court, Gulf Energy filed a second amended petition against Fugro in the same case. That petition was similar in content to the first. The only notable difference is language in paragraph 17, where Gulf Energy added language that Fugro did not contract to do anything that required licensing, and nothing Fugro agreed to do should require a certificate of merit pursuant to section

2

150.002.   That issue, however, had already been decided by the trial court in *Fugro* I and was on appeal to this Court.

Fugro then filed its second motion to dismiss with prejudice on the grounds that: (1) the applicability of section 150.002 had already been decided with finality; (2) the trial court properly dismissed Fugro from the case in December 2009; (3) the two petitions filed by Gulf Energy were virtually identical; and (4) collateral estoppel and res judicata applied.   Fugro's second motion to dismiss was granted on November 22, 2010.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

An order granting or denying a motion to dismiss made pursuant to chapter 150 of the Texas Civil Practice and Remedies Code is immediately appealable as an interlocutory order.   *Landreth v. LasBrisas Council of Co-Owners, Inc.*, 285 S.W.3d 493, 496 (Tex. App.—Corpus Christi 2009, no pet.).   A trial court abuses its discretion when it acts in an unreasonable manner or without reference to any guiding rules and principles. *CTL/Thompson Texas, LLC v. Morrison Homes,* 337 S.W.3d 437, 441 (Tex. App.—Fort Worth 2011, pet. denied).   If resolution of an issue requires the court to construe statutory language, we apply a de novo standard of review to the statute's construction. *Id.*

## III. ANALYSIS

Gulf Energy did not file a certificate of merit at any time.   It argues in its amended pleadings as it did in the first case, that none was necessary.   There is no dispute, however, that the subject of *Fugro* I was the trial court's determination that Gulf Energy failed to file a certificate of merit.   Thus, the trial court determined that a certificate of

3

merit was necessary; otherwise, it would not have dismissed the case.

Fugro urges, and we agree, that the issue before the Court in this appeal was previously decided. It cites *Morrison Homes,* which we follow to the extent applicable. In that case, Morrison sued Sheffield and CTL, alleging professional negligence against CTL. *Morrison Homes*, 337 S.W.3d at 439. Unlike Gulf Energy, Morrison filed a certificate of merit with his original petition. *Id.* CTL moved to dismiss Morrison's claims. The trial court denied the motion to dismiss, and CTL did not perfect an appeal. *Id.* Morrison then amended its petition to allege additional claims against CTL. CTL's second motion to dismiss asserted that the certificate filed by Morrison—the same one CTL had challenged in the first motion—was inadequate. Morrison argued that CTL had waived any further complaints about the certificate because CTL had not appealed the denial of the first motion. *Id.* at 440.

The Fort Worth Court of Appeals opined that an interlocutory order, not timely appealed, is not reviewable by the appellate court. *Id.* at 441. The Court then determined that it did not have jurisdiction over the first order denying dismissal because it had not been appealed. *Id.* Similarly, this Court has no jurisdiction over the first order, dated December 18, 2009, because Gulf Energy failed to timely appeal it.

The Fort Worth court then determined that it did not possess jurisdiction over the trial court's July 6, 2010 order denying CTL's second motion to dismiss, holding "to the extent the July 6, 2010 order simply rules on the same matter already ruled on by the trial court in the July 3, 2008 order, it is not an appealable order." *Id.* at 442 (*citing Denton County v. Huther*, 43 S.W.3d 665, 666–67 (Tex. App.—Fort Worth 2001, no pet.)).

4

Similarly, in the second appeal before us now, Gulf Energy is seeking relief from a trial court ruling on the same matter that the lower court had previously ruled on in *Fugro* I.

The purpose of a certificate of merit is to provide a basis to conclude that the claims have merit. *Morrison Homes*, 337 S.W.3d 442. In *Fugro* I, the trial court determined that a certificate of merit should have been filed. The trial court's decision whether a certificate of merit was required could have been properly appealed after the first dismissal order. Because it was not, a second appeal on the same issue cannot cure the error. We agree with the Fort Worth court that "nothing in chapter 150 authorizes a defendant to raise successive adequacy challenges to the same certificate of merit, one challenge at a time or to perfect successive appeals from a trial court's ruling on those motions." *Id.* The practical effect of the pleading amendment in this case was to ask the trial court to reconsider its initial ruling. We have no jurisdiction to rule on a motion to reconsider. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2011) (allowing numerous interlocutory appeals, but not including an appeal from an order denying a motion to reconsider); *see also Morrison Homes*, 337 S.W.3d at 443.

The purpose of a certificate of merit is to allow the trial court to determine if a plaintiff's claims have merit. *Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.). Here, the trial court had the opportunity to review, in *Fugro* I, whether a certificate of merit should be filed based upon the pleadings. It did so, determining that a certificate was required, but not filed. Thus, it was proper under the statute to dismiss the claims against Fugro. *See* Tex. Civ. Prac. & Rem. Code § 150.002(e). After the trial court determined that a certificate was required in *Fugro* I, but

5

not filed, there was no further right to appeal the same issue for a second time. *See Morrison Homes*, 337 S.W.3d at 443.

Because Gulf Energy put this case in somewhat of a procedural quagmire by asking the trial court to reconsider an issue it had already decided, and that could have been appealed but was not, Fugro had no choice but to file a second motion to dismiss and request a severance so that it could be finally extricated from the case.

## IV. CONCLUSION

For the above reasons, we hold that the trial court's July 18, 2010 order was, in effect, a decision by the trial court that it would not reconsider its earlier ruling that Fugro should be dismissed from the case for Gulf Energy's failure to file a certificate of merit. Because Gulf Energy had no right to appeal from such an order, we dismiss the case for lack of jurisdiction.

ROSE VELA
Justice

Delivered and filed the
23rd day of February, 2012.

6