# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-10-00191-CV

**Gary Wayne Jaster, Appellant**

**v.**

**Comet II Construction, Inc.; Joe H. Schneider; Laura H. Schneider; and Austin Design Group, Appellees**

**FROM THE DISTRICT COURT OF HAYS COUNTY, 274TH JUDICIAL DISTRICT NO. 08-0847, HONORABLE WILLIAM HENRY, JUDGE PRESIDING**

## DISSENTING OPINION

The majority concludes that section 150.002 of the Texas Civil Practice and Remedies Code does not require a certificate of merit from a party who files a third-party complaint or cross-claim against a licensed or registered professional. Because I would instead hold that third-party plaintiffs and cross-claimants must comply with section 150.002's certificate-of-merit requirement, I respectfully dissent.

As the majority correctly points out, section 150.002(a) expressly provides that "in any action or arbitration proceeding for damages arising out of the provision of professional services by a licensed or registered professional, *the plaintiff* shall be required to file with the complaint" a certificate of merit. *See* former Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a) (emphasis added).[1]

---

[1] Like the majority opinion, any references to section 150.002 in this dissent will be to the version of the statute that became effective in 2005 unless otherwise noted. *See* footnote 1 of the majority opinion.

In *Consolidated Reinforcement, L.P. v. Carothers Executive Homes, Ltd.*, we considered the type of claims for which a certificate of merit is required under section 150.002(a). 271 S.W.3d 887, 894 (Tex. App.—Austin 2008, no pet.), *overruled by S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 399-400 (Tex. App.—Austin 2011, no pet.). Interpreting the same version of section 150.002 at issue in this case, we held that a certificate of merit was not required for non-negligence causes of action. *Id.* at 891, 894; *see also Natex Corp. v. Paris Indep. Sch. Dist.*, 326 S.W.3d 728, 733 (Tex. App.—Texarkana 2010, pet. dism'd w.o.j.); *Landreth v. Las Brisas Council of Co-Owners, Inc.*, 285 S.W.3d 492, 500 (Tex. App.—Corpus Christi 2009, no pet.); *Kneiestedt v. Southwest Sound & Elecs., Inc.*, 281 S.W.3d 452, 455 (Tex. App.—San Antonio 2007, no pet.); *Parker Cnty. Veterinary Clinic, Inc. v. GSBS Batenhorst, Inc.*, No. 02-08-380-CV, 2009 Tex. App. LEXIS 8986, at *9-10 (Tex. App.—Fort Worth Nov. 19, 2009, no pet.) (mem. op); *Gomez v. STFG, Inc.*, No. 04-07-00223-CV, 2007 Tex. App. LEXIS 7860, at *6-7 (Tex. App.—San Antonio Oct. 3, 2007, no pet.) (mem. op). However, during the pendency of this appeal, this Court, sitting en banc, reconsidered the issue and overruled this holding of *Consolidated Reinforcement*. *See S & P Consulting Eng'rs, PLLC v. Baker*, 334 S.W.3d 390, 403-04 (Tex. App.—Austin 2011, no pet.).

In *S & P Consulting Engineers*, we held that a certificate of merit must be filed "in *any action* for damages arising out of the provision of professional services by a design professional," including, but not limited to, cases alleging negligence. *Id*. at 403 (emphasis added). In that case, the appellee homeowners had sued S & P Consulting Engineers ("S & P") for potential costs and losses associated with the fact that their subdivision properties were within a flood plain. *Id*. at 393. The homeowners alleged that S & P was responsible for certification of the development plat for four

phases of development and that S & P's representations in and regarding the plat constituted violations of the deceptive trade practices act, statutory fraud, and common-law fraud. *Id*. at 393, 404. We concluded that these claims related to S & P's performance of professional services, and as a result, the homeowners were required to file a certificate of merit. *Id*. at 404.

In this case, Comet was sued by a homeowner, Dawoud, for violations of the deceptive trade practices act, common-law fraud, breach of contract, negligence, and negligent misrepresentation. Dawoud alleged that deficiencies in construction and design of his home resulted in "excessive foundation settlement which in turn caused cracks and distortions." In turn, Comet filed a third-party complaint seeking contribution and indemnity from Jaster and ADG, alleging that "the [foundation] plans were prepared by [Jaster], a professional engineer registered in the State of Texas" and that Jaster and ADG "are or may be liable to [Comet] for all or part of the Plaintiff's complaint." Similarly, after being added as a third-party defendant by Comet, ADG filed a cross-claim against Jaster for contribution and indemnity alleging that "to the extent there is any defect in the foundation, whether by design or construction, it is the fault of [Jaster] or [Comet]." After Jaster filed his motions to dismiss, Comet amended its third-party complaint and added claims for violations of the deceptive trade practices act, negligence, fraud, and breach of contract.

Under our holding in *S & P Consulting Engineers*, there can be no dispute that Comet's third-party claims and ADG's cross-claim against Jaster are related to Jaster's performance of professional services. Upon filing, these claims became part of the lawsuit filed by Dawoud, and accordingly, the claims became part of an "action . . . for damages arising out of the provision of professional services by a licensed or registered professional." *See* former Tex. Civ. Prac. &

3

Rem. Code Ann. § 150.002(a). Section 150.002 requires a "plaintiff" filing such claims to file a certificate of merit with the complaint. *See id*.; *S & P Consulting Eng'rs*, 334 S.W.3d at 403. Thus, the issue in this case becomes whether Comet and ADG are "plaintiffs" within the meaning of section 150.002—a matter of statutory construction. *See* former Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a) (requiring "plaintiff" to file certificate of merit "with the complaint").

The majority concludes that the term "plaintiff" strictly refers to the party (or parties) initiating the lawsuit and does not include third-party plaintiffs or cross-claimants. In other words, the majority would hold that Jaster is stripped of the protections afforded by section 150.002 when the claims against him, which otherwise fall within the scope of the statute, are brought by parties other than the plaintiff who initiated the lawsuit. For the following reasons, I would instead conclude that the term "plaintiff" includes any party that has asserted a claim for damages against the professional arising out of his or her provision of professional services.

When construing a statute, our primary objective is to ascertain and give effect to the legislature's intent as expressed by the language of the statute. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). We generally construe a statute's words according to their plain and common meaning. *See National Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). However, we must decline to adopt such a construction if it would lead to absurd results or if a contrary intention is apparent from the context of the statute. *See City of Rockwall*, 246 S.W.3d at 625-26.

The plain language of section 150.002 "reflects a legislative goal of requiring merely that plaintiffs make a threshold showing that their claims have merit." *M-E Eng'rs, Inc. v.*

4

*City of Temple*, 365 S.W.3d 497, 504 (Tex. App.—Austin 2012, pet. denied); *see* former Tex. Civ. Prac. & Rem. Code Ann. § 150.002. The statute does not necessarily require a plaintiff to marshal expert testimony that would be admissible at trial. *M-E Eng'rs*, 365 S.W.3d at 504. Rather, the purpose of the certificate-of-merit requirement is to provide a method by which courts can quickly dismiss meritless claims. *See Criterium-Farrell Eng'rs v. Owens*, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.) ("[T]he purpose of the certificate of merit is to provide a basis for the trial court to conclude that the plaintiff's claims have merit.").

In the context of construction cases, like this one, engineers and other licensed or registered professionals are routinely brought into the lawsuit as third-party defendants. This affords the defendant/third-party plaintiff a method by which to shift liability.[2] Under the majority's construction, the defendant/third-party plaintiff in such cases would not have to file a certificate of merit, though the plaintiff asserting the very same claims would. This is an absurd result, and the purpose of the plain language of the statute would be thwarted if third-party plaintiffs and cross-claimants were not required to file certificates of merit in such cases. Conversely, a construction of the term "plaintiff" that includes third-party plaintiffs and cross-claimants would require any party asserting a claim within the scope of the statute to make a threshold showing of merit upon filing. This construction is clearly consistent with the overall intent of the statute.

Further, as the majority points out, and I agree, third-party plaintiffs and cross-claimants have some characteristics of plaintiffs. Most notably, when a party asserts a third-party

---

[2] At the same time, the third-party defendant may offer testimony in his own defense that supports the defendant/third-party plaintiff's defense, in essence providing "free" expert testimony in defense of the plaintiff's claims.

claim or cross-claim, he or she asserts a claim for relief against another party, and those parties become adverse. *See Getty Oil Co. v. Insurance Co. of N. Am.*, 845 S.W.2d 794, 800 (Tex. 1992). Thus, from the standpoint of the licensed or registered professional, third-party plaintiffs and cross-claimants are certainly "plaintiffs" with regard to the third-party claims and cross-claims against them. In conclusion, it is apparent from the context of section 150.002, that "plaintiff" must include third-party plaintiffs and cross-claimants.

Finally, I would note that this construction of "plaintiff"—to include both third-party plaintiffs and cross claimants—comports with our sister court's well-reasoned holding in *CTL/Thompson Texas, LLC v. Morrison Homes*, 337 S.W.3d 437 (Tex. App.—Fort Worth 2011, pet. denied). In that case, Morrison Homes sued Sheffield Development Company ("Sheffield") for claims arising out of Sheffield's sale of land to Morrison Homes. *Id*. at 439. Morrison Homes also sued several professional defendants (collectively, "CTL"), who had provided geotechnical engineering services for Sheffield, alleging negligence, professional negligence, and breach of warranty, and filed a certificate of merit with its original petition. *Id*. at 439-40. Sheffield then filed a cross-claim seeking contribution and indemnity from CTL, but did not file a certificate of merit. *Id*. at 440, 444. The Fort Worth court affirmed the trial court's denial of CTL's motion to dismiss Sheffield's cross-claim, holding that Sheffield, a cross-claimant, was not required to file a certificate of merit under section 150.002. *Id*. at 445-46. The court reasoned that "a cross-claiming defendant may rely on the certificate of merit filed by the plaintiff and is not required to file a second, independent certificate of merit." *Id*. at 446. Conversely, the court pointed out, "when a defendant files a third-party petition against a licensed or registered professional that the plaintiff has not

6

sued, then obviously the plaintiff has not filed a certificate of merit concerning the conduct of that licensed or registered professional; consequently, the defendant acting as third-party plaintiff seeking contribution and indemnity must do so." *Id*. at 445-46. Implicit in the Fort Worth court's reasoning is that third-party plaintiffs and cross-claimants are subject to section 150.002's certificate-of-merit requirement, but may satisfy the requirement by relying on a certificate of merit previously filed by another party. *See id.* I agree, and if any party had previously timely filed a certificate of merit in this case, both Comet and ADG would have been entitled to rely on that certificate of merit in connection with their claims.

I would conclude that both Comet and ADG are "plaintiffs" within the meaning of section 150.002. *See* former Tex. Civ. Prac. & Rem. Code Ann. § 150.002. Further, under *S & P Consulting Engineers*, the claims asserted by Comet and ADG are asserted in an "action for damages arising out of the provision of professional services by a licensed or registered professional." *See S & P Consulting Eng'rs*, 334 S.W.3d at 404. Consequently, under *S & P Consulting Engineers*, both Comet and ADG were each separately required to either (1) file a certificate of merit contemporaneously with their complaint or (2) rely on a certificate of merit previously filed by another party in the case. *See* former Tex. Civ. Prac. & Rem. Code Ann. § 150.002(a). However, neither Comet nor ADG filed a certificate of merit in this case.[3] Further, no other party in this case

---

[3] While Comet subsequently filed a certificate of merit with its amended third-party complaint, almost two months after filing its original third-party complaint, Comet does not contend that it requested or obtained any extension of time under subsection (b) of section 150.002. *See* former Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b) (providing that "contemporaneous filing requirement" does not apply when period of limitation will expire within ten days of date of filing and that court may grant, upon motion, extension for filing of more than thirty days); *see also Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding that trial court abused its discretion in denying motion to dismiss where plaintiff failed to file certificate of merit

timely filed a certificate of merit upon which Comet or ADG could rely. *See CTL/Thompson Tex.*, 337 S.W.3d at 445-46. Accordingly, both ADG and Comet failed to comply with section 150.002's certificate-of-merit requirement.

Ordinarily, under these circumstances, I would conclude that the trial court abused its discretion in denying Jaster's motions to dismiss. Further, I would reverse the trial court's order and remand the cause for the trial court to dismiss the claims after determining whether each dismissal is with or without prejudice. *See* former Tex. Civ. Prac. & Rem. Code Ann. § 150.002(d) (providing that failure to file certificate of merit "shall result in dismissal of the complaint against the defendant" and that "dismissal may be with prejudice"); *Sharp Eng'g v. Luis*, 321 S.W.3d 748, 752 (Tex. App.—Houston [14th Dist.] 2010, no pet.). However, like this Court did in *S & P Consulting Engineers*, I would conclude that a different result is warranted in this case. *See* 334 S.W.3d at 404.

In *S & P Consulting Engineers*, this Court determined that the homeowners had failed to file a certificate of merit as required by section 150.002. *See id*. However, rather than remand the cause for the trial court to dismiss the homeowners' claims, we recognized that "the parties and the trial court were proceeding under the authority of [*Consolidated Reinforcement*]" and thus "justice require[d] a different result." *Id*. Therefore, instead of remanding the cause to the trial court for dismissal, we adapted the statutory grace period designed for cases filed within ten days of the limitations period and allowed the homeowners an additional thirty days to file a certificate of merit. *See id*.; *see also* former Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b) (providing that "contemporaneous filing requirement" does not apply when limitations period will expire within

with first-filed complaint and did not contend that exception set forth in section 150.002(b) was applicable).

8

ten days of date of filing and that court may grant, upon motion, extension for filing of more than thirty days).

Similarly, in this case, the parties, in choosing not to file a certificate of merit, may have relied upon *Consolidated Reinforcement*, our controlling precedent at the time. *See S & P Consulting Eng'rs*, 334 S.W.3d at 392. The trial court, in denying the motions to dismiss, may have also relied on that same authority.[4] *See id*. Accordingly, I would conclude that "justice requires a different result" in this case. *See id*.

I would reverse the trial court's orders denying the motions to dismiss and remand the cause to the trial court. I would also allow Comet and ADG thirty days from the date this judgment is mandated to file a certificate of merit satisfying the requirements of section 150.002. *See* Tex. R. App. P. 43.3; former Tex. Civ. Prac. & Rem. Code Ann. § 150.002(b) (in cases in which original petition is filed within ten days of the expiration of the limitations period, plaintiffs may file affidavit within thirty days of filing of petition).

---

[4] As previously discussed, *Consolidated Reinforcement* and similar cases held that non-negligence causes of action do not require a certificate of merit. *See, e.g.*, *Consolidated Reinforcement v. Carothers Executive Homes, Ltd.*, 271 S.W.3d 887, 894 (Tex. App.—Austin 2008, no pet.), *overruled by S & P Consulting Eng'rs v. Baker*, 334 S.W.3d 390, 399-400 (Tex. App.—Austin 2011, no pet.). In addition, *Consolidated Reinforcement* and its associated cases are unclear and confusing with regard to exactly what claims constitute a "non-negligence cause of action." *Compare Kneiestedt v. Southwest Sound & Elecs., Inc.*, 281 S.W.3d 452, 455 (Tex. App.—San Antonio 2007, no pet.) ("When the plaintiff does not claim a negligent act, error or omission exists, and is not required to make such an allegation as an element of its cause of action, a certificate of merit is not required under section 150.002(a).") *with Parker Cnty. Veterinary Clinic v. GSBS Batenhorst, Inc.*, No. 02-08-380-CV, 2009 Tex. App. LEXIS 8986, at *9-10 (Tex. App.—Fort Worth Nov. 19, 2009, no pet.) (mem. op.) (considering "the source of the duty and nature of the remedy sought" in determining whether breach of contract claim was negligence claim within the scope of section 150.002); *see generally Ashkar Eng'g Corp. v. Gulf Chem. & Metallurgical Corp.*, No. 01-09-00855-CV, 2010 Tex. App. LEXIS 769, at *11-28 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.) (summarizing different approaches taken by courts in determining which claims are "negligence" claims under section 150.002).

_____

                              Diane M. Henson, Justice

Before Justices Henson, Rose and Goodwin

Filed:   August 31, 2012

10