**DISMISS and Opinion Filed August 31, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00794-CV

### TOYOTA MOTOR SALES, U.S.A., INC. AND
### TOYOTA MOTOR CORPORATION, Appellants
### V.
### BENJAMIN THOMAS REAVIS AND KRISTI CAROL REAVIS,
### INDIVIDUALLY AND AS NEXT FRIENDS OF E.R. AND O.R., CHILDREN, Appellees

**On Appeal from the 134th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-16-15296**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Evans, and Justice Brown
Opinion by Chief Justice Wright

In their notice of appeal filed on July 11, 2018, appellants Toyota Motor Sales U.S.A., Inc. and Toyota Motor Corporation (collectively Toyota) state they are appealing the trial court's March 5, 2018 order denying their motion for a permanent sealing order and the July 10, 2018 order denying their motion to reconsider. By letter, this Court questioned its jurisdiction over this appeal because an order denying a motion to reconsider is not an appealable interlocutory order and the notice of appeal was untimely as to the March 5 order. As requested, the parties filed letter briefs addressing the jurisdictional issue.

Toyota filed a motion for a permanent sealing order of certain documents it claimed were privileged. On March 5, the trial court denied the motion. In its order, the trial court found, in

part, that the documents were "currently available to the public and are accessible without restriction in the public domain including unrestricted public access through the website of the Texas Supreme Court; the PACER search engine of the federal court system; public access to the Court records of the State of California and through a general search of the internet." On April 13, Toyota filed a motion to reconsider the March 5 order. In the motion, Toyota informed the trial court that the documents were no longer available on the Texas Supreme Court's website. By order signed on July 10, the trial court denied the motion to reconsider. The following day, Toyota filed its notice of appeal.

Rule 76a of the rules of civil procedure sets forth the procedure for obtaining an order sealing court records. *See* TEX. R. CIV. P. 76a. Any order "relating to sealing or unsealing court records" is deemed to be severed from the case and a final judgment which may be appealed. *Id.* at 76a(8). A party may file a post-judgment motion within thirty days after a final judgment is signed. *See* TEX. R. CIV. P. 329b(a). When a party does not file a timely post-judgment motion, a notice of appeal is due thirty days after the date the judgment is signed. *See* TEX. R. APP. P. 26.1. An order denying a motion to reconsider is not an appealable order. *See CTL/Thompson Texas, LLC v. Morrison Homes*, 337 S.W.3d 437, 443 (Tex. App.—Fort Worth 2011, pet. denied); *Pitts v. Bank of New York Mellon Trust Co.*, No. 05-17-00115-CV, 2017 WL 474468, at *1 (Tex. App.—Dallas Feb. 6, 2017, no pet.).

In its letter brief, Toyota focuses on the July 10 order. It asserts that the July 10 order is appealable because it was issued pursuant to the trial court's continuing jurisdiction over sealing orders. To support its argument, Toyota states: "Rule 76a(7) expressly provides trial courts with continuing jurisdiction to 'enforce, alter, or vacate' orders sealing or denying sealing." With regard to the trial court's continuing jurisdiction over a sealing order, the rule states: "A court that issues a sealing order retains continuing jurisdiction to enforce, alter, or vacate that order." *Id.*

76a(7).  As appellees point out in their letter brief, the trial court did not issue a sealing order on March 5.  Rather, it issued an order denying a motion to seal records.

The March 5 order was an order "relating to sealing" of court records.  Accordingly, it was deemed to have been severed from the case and a final judgment that was appealable.  *Id*. 76a(8).  For this reason, Toyota's alternative request to treat this appeal as a mandamus is not an option.  *See In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam) (mandamus relief not available when there is an adequate remedy by appeal).

Because Toyota's motion to reconsider was not filed within thirty days of the March 5 judgment, it did not extend the time to file a notice of appeal.  Accordingly, the notice of appeal was due on April 4.  *See* TEX. R. APP. P. 26.1.  Toyota filed the notice of appeal on July 11.  Because the notice of appeal was untimely and the July 10 order denying the motion to reconsider is not an appealable order, this Court lacks jurisdiction over this appeal.

We dismiss the appeal.  *See* TEX. R. APP. P. 42.3(a).

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

180794F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TOYOTA MOTOR SALES, U.S.A., INC.
AND TOYOTA MOTOR
CORPORATION, Appellants

No. 05-18-00794-CV        V.

BENJAMIN THOMAS REAVIS AND
KRISTI CAROL REAVIS,
INDIVIDUALLY AND AS NEXT
FRIENDS OF E.R. AND O.R.,
CHILDREN, Appellees

On Appeal from the 134th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-16-15296.
Opinion delivered by Chief Justice Wright.
Justices Evans and Brown participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees BENJAMIN THOMAS REAVIS AND KRISTI CAROL REAVIS, INDIVIDUALLY AND AS NEXT FRIENDS OF E.R. AND O.R., CHILDREN recover their costs of this appeal from appellants TOYOTA MOTOR SALES, U.S.A., INC. AND TOYOTA MOTOR CORPORATION.

Judgment entered August 31, 2018.