**Opinion issued August 8, 2019**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

**NO. 01-18-00998-CV**

—————————————

**DOV K. AVNI, Appellant**

**V.**

**HARRIS COUNTY ET AL., Appellees**

---

**On Appeal from the 127th District Court**
**Harris County, Texas**
**Trial Court Case No. 2006-80346**

---

**MEMORANDUM OPINION**

Appellees have filed a motion to dismiss this appeal for want of jurisdiction. More than 10 days have passed since the filing of the motion and appellant failed to adequately respond. *See* TEX. R. APP. P. 10.3(a). We grant the motion and dismiss the appeal.

Appellant's previous appeal from the final judgment in the underlying trial court case was dismissed by this Court for want of prosecution on November 17, 2018, and our mandate issued on May 14, 2018. *See Avni v. Harris Cty.*, No. 01-16-00894-CV, 2017 WL 5353576, at *1 (Tex. App.—Houston [1st Dist.] Nov. 14, 2017, no pet.). The present appeal was docketed when appellant, on November 11, 2018, filed another notice of appeal in the underlying case stating that he "desires to re-appeal to 1st Court Appeal, that allegedly dismissed his appeal under 01-16-00894 cv for 'want of prosecution." In his notice of appeal and a subsequent amended notice, appellant asserts that he seeks to appeal an August 3, 2018 order of the trial court denying his motion to set aside the court's judgment.

Appellant appears to be attempting either (1) a second appeal from the same judgment in the underlying case or (2) an appeal from the denial of a motion to reconsider or set aside the judgment. To the extent that appellant is attempting a second appeal after his previous appeal from the judgment was dismissed and our mandate issued, we lack jurisdiction over the appeal. *See* TEX. R. APP. P. 19.1 (stating, in pertinent part, appellate court's plenary power over its judgment expires 30 days after court overrules all timely filed motions for rehearing); *Minnfee v. Proyor*, No. 01–12–00943–CV, 2013 WL 709254, at *1 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (mem. op.) ("Appellant is not entitled to a second appeal from the trial court's judgment dismissing the case.").

To the extent that appellant seeks to appeal the trial court's August 3, 2018 order denying his motion to reconsider or set aside, such orders are not independently appealable. *See Digges v. Knowledge Alliance, Inc.*, 176 S.W.3d 463, 464 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *CTL/Thompson Texas, LLC v. Morrison Homes*, 337 S.W.3d 437, 443 (Tex. App.—Fort Worth 2011, pet. denied). The August 3, 2018 order is not a final judgment. We have jurisdiction to hear an interlocutory appeal only if authorized by statute. *See* TEX. CIV. PRAC. & REM. CODE § 51.014; *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). The August 3, 2018 order denying reconsideration is not one for which an interlocutory appeal is statutorily authorized.

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Kelly, and Goodman