

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-26-00025-CV

———————————————

ADAM HORWITZ, Appellant

V.

CITY OF DENTON, OUR DAILY BREAD, INC., SARA HENSLEY, JESSE KENT, MACK REINWAND, DEVIN ALEXANDER, AMANDA BROWN, WENDY MCGEE, ALVA SANTOS, MELVIN FRANKLIN, DEMONE MCCLINTON, TRICIANNE BROOKS, WOODY GRAHAM, MARK DOTSON, KEN TESCH, MAURICIO OROZCO, JENNA EDWARDS, Appellees

On Appeal from the 442nd District Court
Denton County, Texas
Trial Court No. 25-7897-442

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Adam Horwitz, proceeding pro se, attempts to appeal the trial court's (1) "Order Granting Defendant City of Denton's First Amended Plea to the Jurisdiction" and (2) "Order Granting Defendant City of Denton's First Amended Rule 91a Motion to Dismiss." Both orders were signed by the trial court on October 13, 2025; therefore, the notice of appeal from these orders was due November 3, 2025. *See* Tex. R. App. P. 26.1(b) (providing that "in an accelerated appeal, the notice of appeal must be filed within 20 days after the judgment or order is signed"), 28.1(a) ("Appeals from interlocutory orders . . . are accelerated appeals."), (b) (stating that accelerated appeal is perfected by filing notice of appeal within time allowed by Rule 26.1(b) and that motion for new trial will not extend time to perfect accelerated appeal); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (permitting appeals from interlocutory orders that grant or deny plea to jurisdiction by governmental unit). However, Horwitz did not file his notice of appeal until January 9, 2026, making it untimely. *See* Tex. R. App. P. 26.1(b), 28.1(b).

"An interlocutory order that is not timely appealed is not reviewable by this court." *CTL/Thompson Tex., LLC v. Morrison Homes*, 337 S.W.3d 437, 441 (Tex. App.—Fort Worth 2011, pet. denied). Without a timely filed notice of appeal or extension request, we do not have jurisdiction over the appeal, and we must dismiss it. *See* Tex. R. App. P. 25.1(b), 26.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997); *Howlett v. Tarrant County*, 301 S.W.3d 840, 843 (Tex. App.—Fort Worth 2009,

pet. denied) (op. on reh'g); *see also Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) ("[P]ro se litigants are not exempt from the rules of procedure.").

We sent Horwitz two letters notifying him of our concern that we lack jurisdiction over this appeal because his notice of appeal was untimely. We warned him that we could dismiss this appeal for want of jurisdiction unless he filed a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 42.3(a), 44.3. Horwitz filed a response, but it does not show grounds for continuing the appeal.

In his response, Horwitz asserts that his notice of appeal was timely because he had timely filed a motion for new trial in the trial court, thus extending the deadline to file his notice of appeal. *See* Tex. R. App. P. 26.1(a)(1); *see also* Tex. R. Civ. P. 329b(a) (providing time for filing motion for new trial). But a motion for new trial does not extend the deadline to file a notice of appeal from an interlocutory order. Tex. R. App. P. 28.1(b). Thus, Horwitz's motion for new trial did not extend the November 3, 2025 deadline to file his notice of appeal, and his January 9, 2026 notice of appeal was untimely.[1] *See* Tex. R. App. P. 26.1(b), 28.1(b).

---

[1]Horwitz contends that he "reasonably believed" that his motion for new trial extended the deadline to file his notice of appeal because the trial court's docket labeled the orders as "Final Order/Judgment." But the docket also labels these orders as "partial case closing," and the orders themselves dismissed Horwitz's claims as to only six of the seventeen named defendants, leaving unresolved parties and claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 205 (Tex. 2001) (concluding that a final judgment is one that finally disposes of all claims and all parties). Accordingly, the orders were not final, *see id.*, and Horwitz's belief to the contrary does not make his notice of appeal timely. *See* Tex. R. App. P. 26.1(b), 28.1(b); *see also Wheeler*, 157

Because Horwitz's notice of appeal was untimely, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: March 19, 2026

---

S.W.3d at 444 (noting that pro se litigants are held to the same procedural rules as attorneys).